263 S.E.2d 883 (1980)
Lester J. BAKER
v.
STATE WORKMEN'S COMPENSATION COMMISSIONER and the Allied Chemical Corporation.
No. 14526.
Supreme Court of Appeals of West Virginia.
February 26, 1980.
Rehearing Denied March 27, 1980.
*884 McIntyre, Haviland & Jordan and Terry M. Jordan, Charleston, for appellant.
CAPLAN, Justice:
This is an appeal by the claimant, Lester J. Baker, from an order of the Workmen's Compensation Appeal Board, entered March 28, 1979, wherein the board affirmed an order of the commissioner. Therein, the commissioner denied the claimant's petition for evaluation of his disability on the ground that more than three years had passed from the date of his injury with no award having been made. The commissioner, relying on W.Va.Code, 1931, 23-4-16, as amended, concluded that he was without jurisdiction to further consider the claim. We reverse and remand the case for further proceedings consistent with the views hereinafter expressed.
Lester J. Baker, on November 20, 1974, filed an application for workmen's compensation, alleging that he had suffered an occupational disease (industrial hearing loss) in the course of and as a result of his employment. By an order dated January 15, 1975 the commissioner held the claim to be compensable on a no-loss time basis. Upon timely protest by the employer, hearings were held over a two and one-half year period. The commissioner, by an order dated August 25, 1977, but not transmitted to the parties until November 2, 1977, affirmed his previous ruling on compensability. No appeal was taken by either party.
Nothing further occurred in this claim until the claimant, by letter dated April 27, 1978, requested the commissioner to make a "valuation of hearing loss, as to what partial payment disability" he would receive.
*885 By letter of May 23, 1978 the commissioner, alleging lack of jurisdiction, as above noted, refused to further consider the claim. Upon appeal to the appeal board, the commissioner's ruling was affirmed. Thus, this appeal.
We conclude that W.Va.Code, 1931, 23-4-16, as amended, upon which the commissioner relied in holding that he was without jurisdiction, is not applicable to the instant case. That statute, on the date of the injury, provided, where pertinent:
The power and jurisdiction of the commissioner over each case shall be continuing and he may from time to time, after due notice to the employer, make such modifications or changes with respect to former findings or orders as may be justified. . . Provided, however, that no such modification or change may be made in any case in which no award has been made, except within three years after the date of injury . . .
It has been amended to now provide that "no such modification or change may be made in any case in which no award has been made, except within five years after the date of injury . . ."
W.Va.Code, 1931, 23-4-16, as amended, does not apply to this case by reason of the following: (1) no "modification or change" of any order was made or attempted; (2) until the entry of the order on November 2, 1977, there was nothing to which a modification or change could apply; and (3) the time limitation contained in W.Va.Code, 1931, 23-4-16, as amended, applies only to the reopening of a claim previously closed by a final order of the commissioner.
The only order entered in this case, pertinent to this appeal, was that of the commissioner declaring the claim compensable. After litigation of this issue upon the employer's protest, the November 2, 1977 order was entered and became subject to modification and change. This however, did not occur since no appeal was prosecuted therefrom by either party. The order of compensability became final and the claimant was then entitled to a valuation of his disability, if any. No attempt was made by the claimant to modify or change the order of compensability. The claimant only asked that the percentage of his disability be determined. The time limitation in the pertinent statute is inapposite in this circumstance.
Demonstrating further that the commissioner erroneously applied the above statute is Point 1 of the Syllabus in Craft v. State Compensation Director, and Amherst Coal Company, 149 W.Va. 28, 138 S.E.2d 422 (1964) wherein the Court said:
The time limitations contained in Code, 23-4-16, as amended, are applicable only to the reopening of a claim for workmen's compensation benefits previously closed by a final order of the director.
This is not a reopening case. The claimant is not attempting to have his claim reopened. The order of compensability, entered by the commissioner, was favorable to him. It stands and he now desires only a determination of his disability. This, he is entitled to.
The statutes codifying our compensation laws do not explicitly designate upon whom the burden lies to prosecute a claim, once compensability has been established. Certainly, there is no statute which requires a claimant to make a separate request for an evaluation of permanent disability. However, upon the consideration of our statutes, particularly W.Va.Code, 1931, 23-4-1, 6 and 8, all as amended, it is reasonable to conclude that after compensability has been determined, the commissioner must take the initiative in further processing the claim. The next step is to evaluate the disability and inform the claimant of his award, if any. In the instant case the claim was determined to be compensable on a no-loss time basis. In this circumstance the disability, if any, could be evaluated at any time. This claimant, as noted above, is entitled to have his disability evaluated.
The appeal board was wrong as a matter of law in affirming the commissioner's order. Therefore, its order of March 28, 1979 is reversed and the case is remanded to permit the proper evaluation of the claimant's permanent disability, if any.
Reversed and remanded.