479 S.E.2d 310

**James A. HARDY, Plaintiff Below, Appellant,**

**v.**

**Andrew N. RICHARDSON, Commissioner, Bureau of Employment Programs, Division of Workers' Compensation, Defendant Below, Appellee.**

No. 23388.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 24, 1996.

Decided Nov. 15, 1996.

---

Timothy P. Rosinsky, Robinson & Rice, Huntington, for Appellant.

Vickie R. Dodd, Assistant Attorney General, Charleston, for Appellee.

ALBRIGHT, Justice:

Appellant, James A. Hardy, appeals[1] an order of the Circuit Court of Kanawha County denying his prayer for a declaratory judgment that the provisions of W.Va.Code § 23–4–22 (1993) be declared unconstitutional and thereby refusing to require appellee, Andrew N. Richardson, Commissioner of the Division of Workers' Compensation, Bureau of Employment Programs, to conduct an evaluation of appellant to determine if he is entitled to permanent partial disability under the provisions of W.Va.Code § 23–4–1, *et seq.* Because we find appellant entitled to the evaluation he has requested, we reverse the judgment of the Circuit Court of Kanawha County entered March 6, 1993. Because we also find that W.Va.Code § 23–4–22 is inapplicable to the facts in the record before us, we do not reach the constitutional issues as raised by the parties.

### FACTS

On June 20, 1985, appellant suffered a leg injury as a result of his employment. He filed a worker's compensation claim with the West Virginia Commissioner of Employment Programs (Commissioner). The claim was assigned Claim No. 85–62357 and was ruled compensable on July 18, 1985, on a no lost time basis. Appellant filed no additional medical information with the Commissioner regarding this injury, and no permanent partial evaluation was made. Nothing further occurred with regard to the claim until September 11, 1991, when appellant's doctor reported that appellant visited his office complaining of problems with his right knee. The doctor's opinion was that the knee impairment was related to the 1985 injury and requested authority to perform arthroscopic surgery on the knee.

On September 19, 1991, the Commissioner denied the physician's request for the arthroscopic surgery on the basis that there was no proof of a relationship between the knee impairment and the 1985 injury. The claim was subsequently submitted to the Office of Judges for a decision. On June 4, 1993, the Office of Judges entered an order stating that the knee injury condition was attributable to the 1985 injury and was compensable.

Meanwhile, on April 8, 1993, the West Virginia Legislature passed House Bill 2802 (H.B.2802), which contained W.Va.Code § 23–4–22 (1993), requiring that permanent disability evaluations not be conducted unless such evaluations had been requested prior to March 29, 1993, or within five years of the closure of the claim "for the receipt of temporary total disability or which was closed on a no lost time basis", which ever was later. The bill was made effective from passage and was timely signed by the Governor on April 16, 1993. West Virginia Code § 23–4–22 (1993) reads as follows:

Notwithstanding any provision in this chapter to the contrary, any claim which was closed for the receipt of temporary total disability benefits or which was closed on a no lost time basis and which closure was more than five years prior to the effective date of this section shall not be considered to still be open or the subject for an evaluation of the claimant for permanent disability merely because such evaluation has not heretofore been conducted and a decision on permanent disability has not been made: Provided, That if a request for an evaluation was made in such a claim prior to the twenty-ninth day of March, one thousand nine hundred ninety-three, the commissioner shall have such evaluation performed. In every such instance, such a claim shall be a case in which no award has been made for the purposes of section sixteen [§ 23–4–16] of this article. In every claim closed after the effective date of this section, the commissioner shall give notice to the parties of the claimant's right to a permanent disability evaluation.

---

1. The Honorable Arthur M. Recht resigned as Justice of the West Virginia Supreme Court of Appeals effective October 15, 1996. The Honorable Gaston Caperton, Governor of the State of West Virginia, appointed him Judge of the First Judicial Circuit on that same date. Pursuant to an administrative order entered by this Court on October 15, 1996, Judge Recht was assigned to sit as a member of the West Virginia Supreme Court of Appeals commencing October 15, 1996, and continuing until further order of this Court.

On April 7, 1993, the day before the effective date of W.Va.Code § 23–4–22, appellant's counsel forwarded a letter to the Commissioner, requesting permanent partial disability evaluations for all claims being handled by counsel's law firm which might be affected by the bill containing W.Va.Code § 23–4–22 and had not been evaluated for permanent disability. Under date of April 28, 1993, the request was denied. In denying the request, the Commissioner stated: "You have provided us with a list of claimants and their social security numbers. No indication is given that the claimants are at a stage in their claims for which an evaluation is in order." The Commissioner also commented that "the mass listing of claimants without claim numbers and indication that the individual claims are ready for an evaluation is an abuse of the workers' compensation system." Counsel was requested to provide a motion for each applicable claimant with the respective claim number. However, the Commissioner advised, motions for claims beyond the five-year period would not be entertained.

Under date of June 2, 1993, counsel requested by motion that the Commissioner authorize a permanent partial disability evaluation in appellant's Claim No. 85–62357. The Commissioner denied this request on June 29, 1993, basing his ruling on W.Va. Code § 23–4–22 (1993).

Counsel thereupon filed this action for declaratory judgment in appellant's name in the Circuit Court of Kanawha County, requesting that W.Va.Code § 23–4–22 (1993) be declared unconstitutional as being a violation of the due process clause found in Art. III, § 10

of the West Virginia Constitution [2] and the Fifth and Fourteenth Amendments to the United States Constitution. In its final order entered March 6, 1993, the circuit court, after reviewing the issues presented, denied relief, stating:

After a thorough consideration of the arguments, statements and memoranda of the parties, this Court is of the opinion that no right or interest of the claimant has been unconstitutionally compromised or impaired by the enactment of West Virginia Code § 23–4–22.

It is from this order that appellant appeals.

### STANDARD OF REVIEW

■ "A circuit court's entry of a declaratory judgment is reviewed *de novo*." Syllabus point 3, *Cox v. Amick*, 195 W.Va. 608, 466 S.E.2d 459 (1995).

### DISCUSSION

■ Jurisdiction for the granting of declaratory judgments is conferred by W.Va. Code § 55–13–1, *et seq.* Specifically, W.Va. Code § 55–13–1 (1941) confers "power to declare rights, status and other legal relations whether or not further relief is or could be claimed" and W.Va.Code § 55–13–2 (1941) authorizes "[a]ny person ... whose rights, status or other legal relations are affected by a statute" to obtain a "declaration of rights, status or other legal relations thereunder." Although the usual rule is that the courts ought to defer granting a declaratory judgment action where administrative remedies, such as an appeal from a protestable order, have not been exhausted [3], we conclude un-

**2.** Article III, § 10 of the West Virginia Constitution states: "No person shall be deprived of life, liberty, or property, without due process of law, and the judgment of his peers."

**3.** The general rule regarding exhaustion of administrative remedies is stated in syllabus point 1 of *Daurelle v. Traders Federal Savings & Loan Ass'n*, 143 W.Va. 674, 104 S.E.2d 320 (1958):

The general rule is that where an administrative remedy is provided by statute or by rules and regulations having the force and effect of law, relief must be sought from the administrative body, and such remedy must be exhausted before the courts will act.

More recently, this Court has stated that it is necessary to exhaust all administrative remedies

before a court will act. *State ex rel. Board of Education v. Perry*, 189 W.Va. 662, 664–65 n. 3, 434 S.E.2d 22, 24–25 n. 3 (1993); syl. pt. 4, *Mounts v. Chafin*, 186 W.Va. 156, 411 S.E.2d 481 (1991); syl. pt. 1, *Hechler v. Casey*, 175 W.Va. 434, 333 S.E.2d 799 (1985); syl. pt. 1, *Cowie v. Roberts*, 173 W.Va. 64, 312 S.E.2d 35 (1984).

On the other hand, "[t]he doctrine of exhaustion of administrative remedies is inapplicable where resort to available procedures would be an exercise in futility." Syl. pt. 1, *State ex rel. Board of Education of Kanawha County v. Casey*, 176 W.Va. 733, 349 S.E.2d 436 (1986); *Beine v. Board of Education of Cabell County*, 181 W.Va. 669, 383 S.E.2d 851 (1989). "The exhaustion doctrine contemplates and efficacious administrative remedy." *Casey*, 176 W.Va. at 735,

der the facts of this case, including particularly the Commissioner's rejection of appellant's counsel's blanket request for disability evaluations dated April 7, 1993, and the Commissioner's later denial of an evaluation based on the statute under consideration, that the jurisdiction of this Court and the lower court ought to be exercised, in the interests of judicial economy, to declare the rights of appellant under the statute in question.[4]

Before addressing the principal legal question in this case, we note that the order of the Commissioner dated July 18, 1985, ruling appellant's 1985 claim compensable on a no lost time basis, contains no language "closing" the claim. Appellee's brief recites that "[n]o additional medical information was reported or filed with Appellee by the Appellant regarding the 1985 thigh bruise" and that "Appellee never ordered or made a PPD evaluation of the initial 1985 bruise, *and the claim was closed on a no lost time basis. (See Exhibit 2 of Respondent's Second Amended Memorandum; or Petition Appendix D.)*". Exhibit 2 is the order of July 18, 1985, which contains no language closing the claim, and no other order has been found in the record closing the claim.

This Court has previously addressed the question of what constitutes an action by the Workers' Compensation Commissioner. *Mitchell v. State Workmen's Compensation Commissioner,* 163 W.Va. 107, 256 S.E.2d 1 (1979), dealt with the date upon which temporary total disability terminates. We required that the Commissioner exercise his authority in reaching that decision and not simply adopt a date suggested by an examining physician. Specifically, we said:

Obviously, the date of the Commissioner's order is the date of his decision, because it

is not until the Commissioner reviews the information in the claimant's file that he actually exercises his administrative decision-making function.

*Mitchell,* 163 W.Va. at 126, 256 S.E.2d at 13–14.

■ As we have noted, there is no order closing the case in the record before us. As both parties say in their briefs, no additional evidence of any kind was presented to the Commissioner after his order in 1985 finding the injury compensable on a no lost time basis until appellant's physician requested approval for knee surgery in 1991. At that time, the case remained open, albeit on a no lost time basis, because the Commissioner had not, in the words of *Mitchell,* reviewed the information in the claimant's file and actually exercised his administrative decision-making function. We are of the opinion that the Commissioner acts only through his orders. In the absence of an order closing the case, we find that W.Va.Code § 23-4-22 (1993) is simply not applicable to appellant's case.

■ We spoke to the duty of the Commissioner in no lost time cases in a factual situation strikingly similar to that before us, in *Baker v. State Workmen's Compensation Commissioner,* 164 W.Va. 389, 263 S.E.2d 883 (1980). The Court said:

The only order entered in this case, pertinent to this appeal, was that of the commissioner declaring the claim compensable. After litigation of this issue upon the employer's protest, the November 2, 1977 order was entered and became subject to modification and change. This however, did not occur since no appeal was prosecuted therefrom by either party. The order of compensability became final and the

---

349 S.E.2d at 438; *Beine,* 181 W.Va. at 674, 383 S.E.2d at 856.

4. Courts have created a number of exceptions to the general rule that exhaustion of administrative remedies is required. In *Walls v. Miller,* 162 W.Va. 563, 251 S.E.2d 491 (1978), the petitioner challenged rulings by the Director of the Department of Mines regarding enforcement of statutory safety requirements. This Court found the Director had misconstrued the requirements, purposes, and legislative intent of the Code sec-

tions under review and held that the administrative process was not prematurely interrupted by this Court requiring the Director to enforce the safety requirements. We find the case *sub judice* analogous in that, given the Commissioner's actions, interpretation, and prompt application of the statute, the administrative process has not been prematurely interrupted by this action. Likewise, we believe the Commissioner has, in his haste, misinterpreted and misapplied the statute in question.

claimant was then entitled to a valuation of his disability, if any. . . .

. . . [U]pon the consideration of our statutes, particularly W.VA. CODE, 1931, 23–4–1, 6 and 8, all as amended, it is reasonable to conclude that after compensability has been determined, the commissioner must take the initiative in further processing the claim. The next step is to evaluate the disability and inform the claimant of his award, if any. In the instant case the claim was determined to be compensable on a no-loss time basis. In this circumstance the disability, if any, could be evaluated at any time. This claimant, as noted above, is entitled to have his disability evaluated.

*Baker,* 164 W.Va. at 391–92, 263 S.E.2d at 885.

Appellee argues that *Baker* is inapposite, but we are unable to discern the basis upon which appellee would have us distinguish the case and can find no other reason to do so. We recognize that appellant had a duty to prove his claim, but we do not see that duty as abrogating the duty of the Commissioner to evaluate a claimant's disability and enter an appropriate order. Accordingly, we conclude that on the effective date of the statute in question, appellant's case was open and not closed, that the Commissioner had a duty to proceed to permanent disability evaluation, and that the request of appellant for such an evaluation was timely and appropriate. In the circumstances before us, the statute in question applies on its face only to a case "closed on a no lost time basis and which closure was more than five years prior to effective date of this section." We note that the statute also requires that with respect to cases closed after the effective date of the section, "the commissioner shall give notice to the parties of the claimant's right to a permanent disability evaluation."

Appellant contends the lower court erred in denying declaratory relief because W.Va. Code § 23–4–22 (1993) violates the due process clauses of the Constitution of West Virginia and the Constitution of the United States. Appellant argues that he has a vested right in workers' compensation benefits and that the Commissioner has an affirmative duty to determine the degree of permanent partial disability based on the facts and circumstances of each case, with the exception of scheduled benefits listed in W.Va. Code § 23–4–6. He argues that the Commissioner has the power to refer claimants for independent medical evaluations; this power, appellant argues, becomes a mandatory duty when a claimant is ready for a disability evaluation. Further, appellant claims he was ready for a disability evaluation prior to the enactment of the new Code section, but was not referred until W.Va.Code § 23–4–22 abrogated his rights.

Appellant also claims that the retroactive application of W.Va.Code § 23–4–22 (1993) is unfair in that it unlawfully deprives him of his due process rights by denying him a remedy. He alleges the Commissioner has not shown that this Code section is necessary to eliminate or curtail a social or economic problem. *See Lewis v. Canaan Valley Resorts, Inc.,* 185 W.Va. 684, 408 S.E.2d 634 (1991). Appellant claims the legislation, in effect, eliminates a vested constitutional right without notice and without a procedural safeguard to insure fairness to injured workers in West Virginia.

Generally, we need not speak to these contentions because we find the statute not applicable to appellant's workers' compensation claim. However, because *Baker* finds that the workers' compensation statute gives a claimant a right to an evaluation for permanent disability when it is ruled compensable, we are concerned with the retroactive effect of W.Va.Code § 23–4–22 (1993) in one important regard. We note that W.Va.Code § 23–4–22 (1993) is a statute of repose. In *Gibson v. W.Va. Department of Highways,* 185 W.Va. 214, 406 S.E.2d 440 (1991), this Court explained the difference between a statute of limitation and a statute of repose. The time period for a statute of repose operates independently from the date when an injury occurs. "A statute of limitations ordinarily begins to run on the date of the injury; whereas, under a statute of repose, a cause of action is foreclosed after a stated time period regardless of when the injury occurred." 185 W.Va. at 217, 406 S.E.2d at 443 (footnote omitted). The *Gibson* Court fur-

ther explained the difference between the two types of statutes by quoting from the Virginia case of *Hess v. Snyder Hunt Corp.*, 240 Va. 49, 52, 392 S.E.2d 817, 819 (1990):

> "A 'statute of repose' differs from a 'statute of limitations.' Generally, the time limitation in the latter begins to run when the cause of action accrues. The time limitation in a statute of repose, however, 'begins to run from the occurrence of an event unrelated to the accrual of a cause of action.' *School Bd. of the City of Norfolk v. U.S. Gypsum*, 234 Va. 32, 37, 360 S.E.2d 325, 327 (1987). Furthermore, the expiration of the time extinguishes 'not only the legal remedy but also all causes of action, including those which may later accrue as well as those already accrued.' *Id.* at 37, 360 S.E.2d at 327–28."

*Gibson*, 185 W.Va. at 217, 406 S.E.2d at 443.

In light of the conclusion in *Baker* that appellant is entitled to have his disability evaluated, we are persuaded that the attempt to immediately preclude appellant's entitlement to seek a review of that entitlement implicates the principle we enunciated in *State ex rel. Blankenship v. Commissioner*, 196 W.Va. 726, 474 S.E.2d 906 (1996). We believe that *Baker* clearly established the right to such a review as an integral part of the workers' compensation plan in effect until 1993. Seen in that light, we find that W.Va. Code § 23–4–22 is violative of the principle enunciated in *Blankenship*, whether involving the closure of a no lost time claim or involving the closure of a claim for receipt of temporary total disability. In either such case, we would apply the principle stated in syllabus point 7 of *Blankenship*:

> Where a workers' compensation claimant has been previously awarded permanent partial disability benefits that would have entitled the claimant to file for permanent total disability review, legislation that attempts to immediately preclude the claimant's substantive right to seek such review prior to the expiration of the ordinary ninety days provided in *W.Va. Const.* art. VI, § 30, violates principles of fundamental fairness embodied in the due process provisions of *W.Va. Const.* art. III, § 10.

Accordingly, we conclude that W.Va.Code § 23–4–22 (1993) is applicable only to cases described in the section for which an order closing the case has been made by the Workers' Compensation Commissioner. We find that W.Va.Code § 23–4–22 (1993) is inapplicable to cases in which no order has been made by the Workers' Compensation Commissioner formally closing a case on a no lost time basis. We also find that W.Va.Code § 23–4–22 (1993) is effective only after ninety days had passed from its enactment to preclude the Workers' Compensation Commissioner from conducting a permanent disability evaluation with respect to any case closed for receipt of temporary total disability within five years of any order of closure and that the Workers' Compensation Commissioner is obligated to perform such a permanent disability evaluation where one was timely requested prior to the expiration of the ninety days next following the enactment of W.Va.Code § 23–4–22 (1993) or the Commissioner was otherwise required so to do prior to the expiration of such ninety day period.[5] Finally, giving effect to the informality with which workers' compensation cases are often conducted, and recognizing the impact of the attempted retroactivity of the W.Va.Code § 23–4–22 in terms of fundamental fairness, we conclude that appellant's request for a permanent disability evaluation was effective April 7, 1993, when his counsel made a request for his evaluation, along with that of several others.

Therefore, we reverse the judgment of the Circuit Court of Kanawha County and remand with directions that the circuit court enter an order consistent with this opinion, declaring the rights, status, and legal rights of appellant under W.Va.Code § 23–4–22 (1993) with respect to his request for a permanent disability evaluation.

Reversed and remanded.

RECHT, J., sitting by temporary assignment.

---

5. On the record before us, we have no reason to deal with the remaining assertions concerning the constitutionality of W.Va.Code § 23–4–22 (1993).