# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
June 11, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**GREG LAMBERT,**
**Claimant Below, Petitioner**

**vs.)    No. 12-1431** (BOR Appeal No. 2047323)
                    (Claim No. 2005019150)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**CITY OF BECKLEY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Greg Lambert, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. City of Beckley, by W. F. Richmond Jr., its attorney, filed a timely response. The West Virginia Office of Insurance Commissioner, by Mark A. Bramble, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 7, 2012, in which the Board affirmed a June 8, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 20, 2012, decision denying Mr. Lambert's request for a reopening of the claim for a permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Lambert worked as a supervisor for the City of Beckley. On November 5, 2004, he suffered a low back injury from being in a motor vehicle accident. The claim was held compensable for lumbar sprain/strain. On August 10, 2005, Mr. Lambert was granted a 0% permanent partial disability award, and the claim was closed on a permanent partial disability award basis. Mr. Lambert requested a reopening of the claim on May 19, 2009, for medical benefits and temporary total disability benefits. On January 20, 2012, the claims administrator denied Mr. Lambert's request for a reopening.

The Office of Judges affirmed the claims administrator's decision and held that Mr. Lambert did not file his request for a reopening of a permanent partial disability award within the required five years from the August 10, 2005, decision, which granted a 0% permanent partial disability award and closed the claim for a permanent partial disability award. On appeal, Mr. Lambert disagrees and asserts that the preponderance of the evidence established that he has an ongoing progression and aggravation of his prior 2004 injury. He further asserts that the Office of Judges failed to consider *Hardy v. Richardson*, 198 W. Va. 11, 479 S.E.2d 310 (1986) which imposes an affirmative duty upon the claims administrator to further process the claim once compensability has been determined and that he is entitled to an impairment evaluation. The City of Beckley and the West Virginia Office of Insurance Commissioner maintain that West Virginia Code § 23-4-16(a)(2) (2005) requires any request to modify the initial permanent partial disability award must be made within five years of the initial Order and that Mr. Lambert failed to request a reopening within five years. The City of Beckley and the West Virginia Office of Insurance Commissioner further maintain that the *Hardy* case addresses an initial permanent partial disability examination not subsequent ones and that the claims administrator appropriately applied *Hardy* by having Mr. Lambert initially examined for a permanent partial disability award on January 20, 2005.

The claims administrator's decision dated January 20, 2012, denied the reopening of the claim because Mr. Lambert failed to timely file his reopening application. West Virginia Code § 23-4-16(a)(2) states that when an award of permanent impairment has been made, a reopening request must be filed within five years of the date of the initial award. The Office of Judges found that the claims administrator used the date of the report of George Orphanos, M.D., to determine when Mr. Lambert should have filed the reopening application instead of the date of the permanent partial disability closure decision dated August 10, 2005. However, the Office of Judges concluded that the outcome remained the same because Mr. Lambert's January 6, 2012, request for an additional permanent partial disability award was still outside the five year limit. The Office of Judges stated that Mr. Lambert should have filed his request no later than August 10, 2010. The Office of Judges further concluded that Mr. Lambert's evidence showing that he underwent another surgery after the August 10, 2005, decision was issued is an insufficient basis for a reopening. The Office of Judges held that Mr. Lambert failed to meet his burden of proof to show that he filed his reopening request in a timely fashion. The Board of Review reached the same reasoned conclusions in its decision of November 7, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:**


**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II