# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

## January 2015 Term

**FILED**

**May 20, 2015**

released at 3:00 p.m.

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 12-1473

**GARY E. HAMMONS,**
**Petitioner**

**V.**

**WEST VIRGINIA OFFICE OF THE INSURANCE COMMISSIONER**
**AND**
**A & R TRANSPORT, INC.,**
**Respondents**

---

**Appeal from the Workers' Compensation Board of Review**
**Appeal No. 2046457**
**Claim No. 2004030436**

**REVERSED AND REMANDED**

---

**AND**

No. 13-0312

**CLARA L. STINNETT,**
**Petitioner,**

**V.**


**WEST VIRGINIA OFFICE OF THE INSURANCE COMMISSIONER
AND
WEST VIRGINIA DEPARTMENT OF CORRECTIONS
Respondents**

_____

**Appeal from the Workers' Compensation Board of Review
Appeal No. 2047625
Claim No. 990024403**


**REVERSED AND REMANDED**

_____


**Submitted: January 13, 2015
Filed:  May 20, 2015**

| | |
|---|---|
| **George Zivkovich** | **Patrick Morrissey** |
| **Parkersburg, West Virginia** | **Attorney General** |
| **Attorney for the Petitioner,** | **David L. Stuart** |
| **Gary E. Hammons** | **Senior Deputy Attorney General** |
| **John H. Skaggs** | **Misha Tseytlin** |
| **The Calwell Practice, PLLC** | **General Counsel** |
| **Charleston, West Virginia** | **Charleston, West Virginia** |
| **Attorney for the Petitioner,** | **Attorney for the Respondent,** |
| **Clara L. Stinnett** | **West Virginia Insurance Commissioner** |

**JUSTICE DAVIS delivered the Opinion of the Court.**

**JUSTICE LOUGHRY dissents and reserves the right to file a separate opinion.**

**SYLLABUS BY THE COURT**

1.      "[A]ll employees covered by the West Virginia Workers' Compensation Act are subject to every provision of the workers' compensation chapter and are entitled to all benefits and privileges under the Workers' Compensation Act[.]" Syllabus point 3, in part, *Bell v. Vecellio & Grogan, Inc.*, 197 W. Va. 138, 475 S.E.2d 138 (1996).

2.      "In workers' compensation cases, upon the consideration of our statutes, particularly W. Va. Code §§ 23-4-1, 6, and 8 (1931), all as amended, it is reasonable to conclude that after compensability has been determined, the Workers' Compensation Commissioner must take the initiative in further processing the claim. The next step is to evaluate the disability and inform the claimant of his award, if any." Syllabus point 1, *Hardy v. Richardson*, 198 W. Va. 11, 479 S.E.2d 310 (1996).

3.      "It is not incumbent upon a claimant, whose claim has been held compensable, to initiate the procedure for the evaluation of his disability; rather, it is the obligation of the commissioner to then take such action as is necessary, including referral for medical treatment, if needed, to arrive at the disability award, if any, to which the claimant is entitled." Syllabus point 2, *Baker v. State Workmen's Compensation Commissioner*, 164 W. Va. 389, 263 S.E.2d 883 (1980).

4.    "A workmen's compensation claim must be considered in its entirety and cannot be regarded as divisible in the sense of being barred by the provisions of Code, 1931, 23-4-16, as amended, in relation to a disability of one character, or a disability affecting one part of the claimant's body, but, at the same time, alive and litigable in relation to another disability arising from the same injury but of a different character or one affecting a different part of the claimant's body." Syllabus, *Bowman v. Workmen's Compensation Commissioner*, 150 W. Va. 592, 148 S.E.2d 708 (1966).

5.    When a workers' compensation claimant (1) receives an award of permanent partial disability (PPD) for an initial workplace injury; (2) timely files a reopening request pursuant to W. Va. Code § 23-4-16(a)(2) (2005) (Repl. Vol. 2010) seeking to add an additional, related injury to his/her claim; (3) such additional injury is ruled compensable; and (4) the Commission, or other named party, fails to refer the claimant for a PPD evaluation in accordance with W. Va. Code § 23-4-7a(f) (2005) (Repl. Vol. 2010), the claimant may request a PPD evaluation referral even if the time period for reopening the initial claim, contemplated by W. Va. Code § 23-4-16(a)(2), has expired.

**Davis, Justice:**

The case *sub judice* presents appeals filed by two individuals [collectively, "the claimants"] who sustained employment-related injuries and who seek additional workers' compensation benefits as a result of further symptoms related to their original workplace injuries. In both cases, the claimants timely requested that the new diagnoses be added to their original claims, but, in both cases, denials of compensability and/or medical treatment required extensive litigation through the workers' compensation system until this Court ultimately found the claimants to be entitled to the compensability ruling/medical treatment they had requested.[1] As a result of these significant litigation delays, the claimants' subsequent requests for permanent partial disability ["PPD"] benefits associated with the newly added diagnoses were denied by the workers' compensation system as untimely filed pursuant to W. Va. Code § 23-4-16(a)(2) (2005) (Repl. Vol. 2010).[2] On appeal to this Court, the claimants ask that we find their PPD requests to have been timely filed. For the reasons that follow, we find that because the claimants timely sought to add their new diagnoses to their original claims, their additional injuries were ruled compensable, and the Commission failed to refer them for PPD evaluations as required by W. Va. Code § 23-4-7a(f) (2005) (Repl. Vol. 2010), the Board of Review's denial of their requests for PPD evaluations for their

---

[1] Further discussion of this Court's rulings in the claimants' cases is set forth in Section I, *infra*.

[2] *See* note 6, *infra*, for the full text of W. Va. Code § 23-4-16(a)(2) (2005) (Repl. Vol. 2010).

1

additional injuries was improper because such ruling deprived the claimants of their statutory rights to receive a permanent disability evaluation and to be compensated for their workplace injuries. Accordingly, we reverse the rulings of the Board of Review denying the claimants' PPD evaluation requests as untimely and remand these cases for further proceedings consistent with this opinion.

# I.

## FACTUAL AND PROCEDURAL HISTORY

While each of the claimants' appeals herein presents the same legal issue, the facts giving rise to their individual claims vary. Therefore, we separately will discuss the facts relevant to each of their appeals.

### A. *Case Number 12-1473: Gary E. Hammons*

The petitioner in Case Number 12-1473, Gary E. Hammons ["Mr. Hammons"], sustained a work-related injury to his leg in the course of and as a result of his employment as a truck driver with the respondent herein, A & R Transport, Inc., on January 5, 2004. Mr. Hammons received a 4% permanent partial disability ["PPD"] award for his leg by Claims Administrator order entered June 6, 2005. Thereafter, Mr. Hammons experienced low back symptoms that his doctor determined also were attributable to his work-related injury and sought to have that diagnosis added to his original workers' compensation claim. Despite

2

repeated denials of compensability by the various workers' compensation tribunals, this Court ultimately ruled Mr. Hammons' low back injury to be a compensable component of his original work-related injury by order entered January 4, 2010. This Court also awarded Mr. Hammons temporary total disability ["TTD"] benefits for his low back injury from October 18, 2005, through July 25, 2006. Thereafter, on March 8, 2010, the Claims Administrator closed Mr. Hammons' claim for TTD benefits related to his back injury.

> Pursuant to W. Va. Code § 23-4-7a(f) (2005) (Repl. Vol. 2010),
>
> whenever in any claim temporary total disability continues longer than one hundred twenty days from the date of injury (or from the date of the last preceding examination and evaluation pursuant to the directions of the commission under other provisions of this chapter), *the commission, successor to the commission*, other private carrier or self-insured employer, *whichever is applicable, shall refer the claimant to a physician or physicians of the commission's selection for examination and evaluation* in accordance with the provisions of subsection (d)[3] of this section and the provisions of subsection (e)[4] of this section are fully applicable[.]

(Emphasis and footnotes added). *See also* W. Va. Code § 23-4-22 (2003) (Repl. Vol. 2010) ("In every claim closed after the effective date of this section, the commission shall give notice to the parties of the claimant's right to a permanent disability evaluation."). Despite

---

[3]W. Va. Code § 23-4-7a(d) (2005) (Repl. Vol. 2010) details the procedure to be followed when referring a claimant for a disability evaluation.

[4]Subsection (e) of W. Va. Code § 23-4-7a addresses when TTD benefits should be suspended in a particular case.

the fact that Mr. Hammons met the requisite criteria for a mandatory PPD evaluation referral, the Workers' Compensation Commission ["Commission"] never referred him for such an evaluation. On August 9, 2010,[5] Mr. Hammons faxed a letter to the Claims Administrator requesting a PPD evaluation with regard to his low back injury. By order entered August 11, 2010, the Claims Administrator denied Mr. Hammons' request as an untimely request to reopen his original claim governed by W. Va. Code § 23-4-16(a) (2005) (Repl. Vol. 2010).[6]

---

[5]While the fax cover sheet was dated August 9, 2010, the subject letter was dated April 9, 2010. Counsel for Mr. Hammons has conceded that the letter, also, should have been dated August 9, 2010.

[6]W. Va. Code § 23-4-16(a) (2005) (Repl. Vol. 2010) provides, in pertinent part:

(a) The power and jurisdiction of the commission, successor to the commission, other private carrier or self-insured employer, whichever is applicable, over each case is continuing and the commission, successor to the commission, other private carrier or self-insured employer, whichever is applicable, may, in accordance with the provisions of this section and after due notice to the employer, make modifications or changes with respect to former findings or orders that are justified. Upon and after the second day of February, one thousand nine hundred ninety-five, the period in which a claimant may request a modification, change or reopening of a prior award that was entered either prior to or after that date shall be determined by the following subdivisions of this subsection. Any request that is made beyond that period shall be refused.

(1) Except as provided in section twenty-two of this article, in any claim which was closed without the entry of an order regarding the degree, if any, of permanent disability that a claimant has suffered, or in any case in which no award has been made, any request must be made within five years of the closure. During that time period, only two requests may be

(continued...)

4

Mr. Hammons then appealed to the Office of Judges ["OOJ"], which reversed the Claims Administrator's determination by order entered September 27, 2011. In so ruling, the OOJ disagreed with the Claims Administrator's description of Mr. Hammons' letter as a request for reopening. According to the OOJ,

> it is not a reopening situation subject to the above-cited statute [W. Va. Code §§ 23-4-16(a)(1-2)]. Even if § 23-4-16 were to apply, the claim was not closed for temporary total disability for the back until March 8, 2010[,] and the time does not begin to run until the date of the closure order relevant herein. The request for permanent partial disability under § 23-4-16 was made within five years from the date the claim was closed for temporary total disability, albeit for the low back only. The proviso regarding five years from the initial award is not applicable because an "initial award" has not been paid for the components added by the West Virginia Supreme Court, with an award of temporary total disability benefits. . . . The claimant in the matter at hand attempted to add components well within five years from the 4% award of permanent partial disability benefits

[6](...continued)
filed.

> (2) Except as stated below, in any claim in which an award of permanent disability was made, any request must be made within five years of the date of the initial award. During that time period, only two requests may be filed. With regard to those occupational diseases, including occupational pneumoconiosis, which are medically recognized as progressive in nature, if any such request is granted by the commission, successor to the commission, other private carrier or self-insured employer, whichever is applicable, a new five-year period begins upon the date of the subsequent award. With the advice of the health care advisory panel, the executive director and the board of managers shall by rule designate those progressive diseases which are customarily the subject of claims.

5

on June 6, 2005. Obviously, Mr. Hammons could not have sought a permanent partial disability evaluation for the back condition before it was an added component and the Supreme Court found impairment from the back condition in granting him a new period of temporary disability.

Mr. Hammons' employer appealed to the Board of Review, which reversed the OOJ's ruling and reinstated the Claims Administrator's initial determination by order entered November 28, 2012. From this adverse ruling, Mr. Hammons appeals to this Court.

### B. Case Number 13-0312: Clara L. Stinnett

The petitioner in Case Number 13-0312, Clara L. Stinnett ["Ms. Stinnett"], sustained a work-related injury to her wrist in the course of and as a result of her employment with the respondent herein, the West Virginia Department of Corrections, on August 31, 1998. Ms. Stinnett received a 22% permanent partial disability ["PPD"] award for her wrist by Claims Administrator order entered January 21, 2000. Thereafter, Ms. Stinnett experienced back and hip pain that her doctor determined also were attributable to her work-related injury, and these diagnoses, for lumbar sprain/strain, was ruled compensable by order entered January 14, 2005. Ms. Stinnett's doctor then recommended posterior lumbar interbody fusion surgery for her back and sought workers' compensation approval therefor. Despite repeated denials to authorize this surgery by the various workers' compensation tribunals, this Court, by order entered July 22, 2009, ultimately determined that Ms. Stinnett's surgical request should have been approved. By order entered August 7, 2009, the third-

6

party administrator authorized Ms. Stinnett's request for lumbar interbody fusion/sextant decompression. Ms. Stinnett had this surgery on June 22, 2010.

Ms. Stinnett claims that her back injury could not be evaluated for PPD benefits until she reached her maximum degree of medical improvement, which occurred once she had and subsequently recovered from her back surgery. *See* W. Va. Code § 23-4-7a(c) ("When the authorized treating physician concludes that the claimant has either reached his or her maximum degree of improvement or is ready for disability evaluation, . . . the authorized treating physician may recommend a permanent partial disability award for residual impairment relating to and resulting from the compensable injury[.]"). Although W. Va. Code § 23-4-7a(f) required the Commission to refer Ms. Stinnett for a PPD evaluation, it failed to do so. *See also* W. Va. Code § 23-4-22. Therefore, on July 5, 2011, Ms. Stinnett requested consideration of PPD benefits related to her compensable back injury, which request the Claims Administrator denied by order entered July 28, 2011, as an untimely request to reopen her original claim governed by W. Va. Code § 23-4-16(a)(2).[7] Ms. Stinnett then appealed this adverse ruling to the OOJ, which also denied her PPD evaluation request on September 11, 2012. Such denials then were affirmed by Board of Review order entered February 25, 2013. From these adverse rulings, Ms. Stinnett appeals to this Court.

---

[7]*See supra* note 6 for the pertinent language of W. Va. Code § 23-4-16(a)(2).

7

## II.

## STANDARD OF REVIEW

In both Mr. Hammons' and Ms. Stinnett's appeal to this Court, the pivotal question concerns whether their requests for a PPD evaluation were timely pursuant to W. Va. Code § 23-4-16(a)(2). The standard of review applicable to this Court's consideration of workers' compensation appeals from the Board of Review is set forth in W. Va. Code §§ 23-5-15(b-d) (2005) (Repl. Vol. 2010):

> (b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions[.]

> (c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the supreme court of appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record. If the court reverses or modifies a decision of the board pursuant to this subsection, it shall state with specificity the basis for the reversal or modification and the manner in which the decision of the board clearly violated constitutional or statutory provisions, resulted from erroneous conclusions of law, or was based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record.

> (d) If the decision of the board effectively represents a reversal of a prior ruling of either the commission or the office

8

of judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the supreme court of appeals only if the decision is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the board's findings, reasoning and conclusions, there is insufficient support to sustain the decision. The court may not conduct a de novo re-weighing of the evidentiary record. If the court reverses or modifies a decision of the board pursuant to this subsection, it shall state with specificity the basis for the reversal or modification and the manner in which the decision of the board clearly violated constitutional or statutory provisions, resulted from erroneous conclusions of law, or was so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the board's findings, reasoning and conclusions, there is insufficient support to sustain the decision.

In recognition of this standard, we have held:

> "When it appears from the proof upon which the Workmen's Compensation [Board of Review] acted that its finding was plainly wrong an order reflecting that finding will be reversed and set aside by this Court." Syllabus point 5, *Bragg v. State Workmen's Compensation Commissioner*, 152 W. Va. 706, 166 S.E.2d 162 (1969).

Syl. pt. 1, *Bowers v. West Virginia Office of the Ins. Comm'r*, 224 W. Va. 398, 686 S.E.2d 49 (2009). *See also* Syl. pt. 4, *Emmel v. State Comp. Dir.*, 150 W. Va. 277, 145 S.E.2d 29 (1965) ("An order of the workmen's compensation appeal board, approving an order of the state compensation commissioner, will be reversed by this Court on appeal, where the legal conclusions of the appeal board are erroneous.").

Finally, insofar as the cases *sub judice* require us to determine the applicability of the temporal requirements of W. Va. Code § 23-4-16(a)(2) to the claimants' claims herein, we also are guided by our standard of review of statutory provisions: "Interpreting a statute or an administrative rule or regulation presents a purely legal question subject to *de novo* review." Syl. pt. 1, *Appalachian Power Co. v. State Tax Dep't of West Virginia*, 195 W. Va. 573, 466 S.E.2d 424 (1995). *Accord* Syl. pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995) ("Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review.").

Mindful of these standards, we proceed to consider the parties' arguments.

## III.

## DISCUSSION

The cases presented for our resolution herein concern the statutory time periods within which a workers' compensation reopening request must be filed pursuant to W. Va. Code § 23-4-16(a)(2). Each of these claimants timely requested the addition of a diagnosis for a compensable injury but were required to avail themself of the appeal rights provided by the workers' compensation system in order to receive approval for their respective requests. *See generally* W. Va. Code §§ 23-5-1(b)(1); 23-4-1c(a)(3); 23-5-3; 23-5-10; 23-5-

10

15(a). During, or shortly after, the extensive litigation required to exercise their appeal rights, which ultimately culminated in favorable rulings by this Court, the statutory time period for reopening expired in each claimant's case. *See* W. Va. Code § 23-4-16(a)(2). After receiving approval of their requests from this Court, each claimant thereafter sought a PPD evaluation referral because the Commission had failed to make such a referral as required by statute. *See* W. Va. Code § 23-4-7a(f). Each of the claimant's PPD referral requests was treated as an untimely request for reopening because it had not been filed within the time limits established by W. Va. Code § 23-4-16(a)(2). Upon appeal to this Court, we are asked to determine whether the claimants are entitled to the PPD evaluation referrals they have requested.

We previously have recognized that "'[t]he right to workmen's compensation benefits is wholly statutory.' Syllabus point 2, in part, *Dunlap v. State Compensation Director*, 149 W. Va. 266, 140 S.E.2d 448 (1965)." Syl. pt. 9, *Simpson v. West Virginia Office Ins. Comm'r*, 223 W. Va. 495, 678 S.E.2d 1 (2009). *Accord Bowman v. Workmen's Comp. Comm'r*, 150 W. Va. 592, 597, 148 S.E.2d 708, 711 (1966) ("Rights and responsibilities of the claimants in workmen's compensation cases, and the duties, responsibilities and powers of the commissioner . . . in such cases, are all creatures of statute."). Given the statutory nature of the benefits afforded to injured workers by the workers' compensation system, our decision of the issue before us will require us to consider

11

the various statutes that govern the claimants' requests. "The primary object in construing a statute is to ascertain and give effect to the intent of the Legislature." Syl. pt. 1, *Smith v. State Workmen's Comp. Comm'r*, 159 W. Va. 108, 219 S.E.2d 361 (1975). To ascertain the Legislature's intent, "[w]e look first to the statute's language. If the text, given its plain meaning, answers the interpretive question, the language must prevail and further inquiry is foreclosed." *Appalachian Power Co. v. State Tax Dep't of West Virginia*, 195 W. Va. at 587, 466 S.E.2d at 438. In other words, "[w]here the language of a statute is clear and without ambiguity the plain meaning is to be accepted without resorting to the rules of interpretation." Syl. pt. 2, *State v. Elder*, 152 W. Va. 571, 165 S.E.2d 108 (1968). Where, however, the statutory language is not certain, the statute is ambiguous and must be construed to ascertain its legislative intent: "A statute that is ambiguous must be construed before it can be applied." Syl. pt. 1, *Farley v. Buckalew*, 186 W. Va. 693, 414 S.E.2d 454 (1992).

> With specific respect to workers' compensation statutes, we have held that
>
> > [i]nterpretations as to the meaning and application of workers' compensation statutes rendered by the Workers' Compensation Commissioner, as the governmental official charged with the administration and enforcement of the workers' compensation statutory law of this State, pursuant to W. Va. Code § 23-1-1 (1997) (Repl. Vol. 1998), should be accorded deference *if such interpretations are consistent with the legislation's plain meaning and ordinary construction.*

Syl. pt. 4, *State ex rel. ACF Indus. v. Vieweg*, 204 W. Va. 525, 514 S.E.2d 176 (1999) (emphasis added). Similarly,

12

> [i]t is the duty of a court to construe a statute according to its true intent, and give to it such construction as will uphold the law and further justice. It is as well the duty of a court to disregard a construction, though apparently warranted by the literal sense of the words in a statute, when such construction would lead to injustice and absurdity.

Syl. pt. 2, *Click v. Click*, 98 W. Va. 419, 127 S.E. 194 (1925). *Accord* Syl. pt. 2, *Newhart v. Pennybacker*, 120 W. Va. 774, 200 S.E. 350 (1938) ("Where a particular construction of a statute would result in an absurdity, some other reasonable construction, which will not produce such absurdity, will be made."). Finally, "[i]t is always presumed that the legislature will not enact a meaningless or useless statute." Syllabus point 4, *State ex rel Hardesty v. Aracoma–Chief Logan No. 4523, Veterans of Foreign Wars of the United States, Inc.*, 147 W. Va. 645, 129 S.E.2d 921 (1963).

Having reiterated the rules of statutory construction guiding our analysis, we now turn to a determination of the issue before us. Integral to our deliberation are three distinct rights afforded to injured workers by the governing statutes: (1) an injured worker's right to the payment of benefits for workplace injuries; (2) an injured worker's right to appeal adverse decisions; and (3) an injured worker's right to be referred for a PPD evaluation when the circumstances of his/her injury support such a referral. We find the confluence of these statutes supports the PPD evaluation referrals that Mr. Hammons and Ms. Stinnett have requested. Finding that Mr. Hammons and Ms. Stinnett are entitled to request such referrals irrespective of the reopening time periods provided by W. Va. Code § 23-4-16(a)(2) is

13

consistent with the enforcement of the claimants' rights to receive benefits for their work-related injuries; to appeal adverse workers' compensation rulings; and to be referred for a PPD evaluation, which referrals are supported by the compensability ruling and medical treatment approval the claimants were seeking when the subject reopening periods expired.

### A. *Injured Worker's Right to the Payment of Benefits for Workplace Injuries*

Pursuant to W. Va. Code § 23-4-1(a) (2008) (Repl. Vol. 2010), "[s]ubject to the provisions and limitations elsewhere in this chapter, workers' compensation benefits shall be paid the Workers' Compensation Fund, to the employees of employers subject to this chapter *who have received personal injuries in the course of an resulting from their covered employment*[.]" (Emphasis added). *Accord* Syl. pt. 1, *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970) ("In order for a claim to be held compensable under the Workmen's Compensation Act, three elements must coexist: (1) a personal injury (2) received in the course of employment And (3) resulting from that employment."). Encompassed within this scope of workers' compensation coverage is the right of employees to avail themselves of all of the provisions thereof: "[A]ll employees covered by the West Virginia Workers' Compensation Act are subject to every provision of the workers' compensation chapter and are entitled to all benefits and privileges under the Workers' Compensation Act[.]" Syl. pt. 3, in part, *Bell v. Vecellio & Grogan, Inc.*, 197 W. Va. 138, 475 S.E.2d 138 (1996).

14

Commensurate with an injured employee's right to receive benefits for his/her workplace injuries is the corresponding right recognized by the Legislature to provide medical treatment and compensation to such workers in a timely manner. With respect to medical treatment, "[t]he Legislature hereby finds and declares that injured claimants should receive the type of treatment needed as promptly as possible[.]" W. Va. Code § 23-4-7a(a). *See also* W. Va. Code § 23-4-1c(a) (2009) (Repl. Vol. 2010) (requiring determination of "whether the claimant has sustained a compensable injury" and entry of "an order giving all parties *immediate* notice of the decision"). As to the payment of benefits, "[t]he Legislature hereby finds and declares that two of the primary objectives of the workers' compensation system established by this chapter are to provide benefits to an injured claimant promptly and to effectuate his or her return to work at the earliest possible time[.]" W. Va. Code § 23-4-7(a) (2005) (Repl. Vol. 2010). *See also* W. Va. Code § 23-4-1d(e) (2005) (Repl. Vol. 2010) ("An award for permanent partial disability shall be made as expeditiously as possible and in accordance with the time frame requirements promulgated by the board of managers.").

In this regard,

[t]he [West Virginia Workers' Compensation] Act is designed to compensate injured workers as speedily and expeditiously as possible in order that injured workers and those who depend upon them for support shall not be left destitute during a period of disability. The benefits of this system accrue both to the employer, who is relieved from common-law tort liability for negligently inflicted injuries, and to the employee, who is assured prompt payment of benefits.

. . . .

This philosophy finds substance in our statutes establishing the West Virginia state workers' compensation system. For example, W. Va. Code § 23-5-3a (1981 Replacement Vol.)[8] provides that it is the policy of our law that:

The rights of claimants for [workers'] compensation be determined as speedily and expeditiously as possible to the end that those incapacitated by injuries and the dependents of deceased [workers] may receive benefits as quickly as possible in view of the severe economic hardships which immediately befall the families of injured or deceased [workers].

Moreover, W. Va. Code § 23-4-7 (1981 Replacement Vol.) specifically declares that a "primary objective of the [workers'] compensation system established by this chapter [is] to provide benefits to an injured claimant promptly."

Accordingly, we have consistently held in the past that one of the primary objectives of the Legislature in establishing the workers' compensation system is to provide prompt and fair compensation to injured workers, and that "[l]ong delays in processing claims for [workers'] compensation is not consistent with the declared policy of the Legislature to determine the rights of claimants as speedily and expeditiously as possible."

---

[8]While the Legislature removed W. Va. Code § 23-5-3a during its 1995 revisions to the workers' compensation statutes, virtually identical language is set forth in W. Va. Code § 23-5-13 (1995) (Repl. Vol. 2010), which provides, in pertinent part:

It is the policy of this chapter that the rights of claimants for workers' compensation be determined as speedily and expeditiously as possible to the end that those incapacitated by injuries and the dependents of deceased workers may receive benefits as quickly as possible in view of the severe economic hardships which immediately befall the families of injured or deceased workers.

16

> Syllabus Point 1, *Workman v. State Workmen's Compensation Comm'r*, W. Va., 236 S.E.2d 236 (1977). *See also Mitchell v. State Workmen's Compensation Comm'r*, W. Va., 256 S.E.2d 1 (1979). *State ex rel. Conley v. Pennybacker*, 131 W. Va. 442, 48 S.E.2d 9 (1948); *Poccardi v. Ott*, 82 W. Va. 497, 96 S.E. 790 (1918).
>
> It cannot be disputed that the petitioners, all workers injured in the course of and resulting from employment, have a constitutional right to the benefit of the statutes establishing our system of workers' compensation. As we stated in *Cooper v. Gwinn*, W. Va., 298 S.E.2d 781, 786 (1981):
>
>> By terms of our organic law the people are entitled to the benefit of law enacted by their legislative representatives. . . .

*Meadows v. Lewis*, 172 W. Va. 457, 469-70, 307 S.E.2d 625, 638-39 (1983) (footnote added).

Therefore, it is apparent that "[o]ne of the primary objects of the Legislature in establishing the Workmen's Compensation system is to provide prompt and fair compensation to persons entitled to the protection which the law affords in that respect and courts look with disfavor upon delay in the accomplishment of that legislative purpose." *State ex rel. Conley v. Pennybacker*, 131 W. Va. 442, 448, 48 S.E.2d 9, 13 (1948). As such, "[l]ong delay in processing claims for [workers'] compensation is not consistent with the declared policy of the Legislature to determine the rights of claimants as speedily and expeditiously as possible. W. Va. Code, 23-5-3a." Syl. pt. 1, *Workman v. State Workmen's Comp. Comm'r*, 160 W. Va. 656, 236 S.E.2d 236 (1977).

17

Not only do injured workers have the aforementioned rights to receive medical treatment and benefits for work-related injuries and to receive such compensation expediently in the first instance, but claimants also may seek to reopen their claims to permit them to receive further medical treatment or benefits attributable to additional symptoms they experience from their initial work-related injury. *See generally* W. Va. Code § 23-5-3 (2009) (Repl. Vol. 2010) (discussing progression or aggravation of claimant's condition, or other facts not previously considered in relation thereto, necessary to support claimant's reopening request). Where the claimant has received an award of PPD benefits, he/she must file a reopening request within five years of the initial claim's closure:

> Except as stated below, in any claim in which an award of permanent disability was made, any request must be made within five years of the date of the initial award. During that time period, only two requests may be filed. With regard to those occupational diseases, including occupational pneumoconiosis, which are medically recognized as progressive in nature, if any such request is granted by the commission, successor to the commission, other private carrier or self-insured employer, whichever is applicable, a new five-year period begins upon the date of the subsequent award. With the advice of the health care advisory panel, the executive director and the board of managers shall by rule designate those progressive diseases which are customarily the subject of claims.

W. Va. Code § 23-4-16(a)(2). "The time limitations contained in Code, 23-4-16, as amended, are applicable only to the reopening of a claim for workmen's compensation benefits *previously closed by a final order of the director*." Syl. pt. 1, *Craft v. State Comp. Dir.*, 149 W. Va. 28, 138 S.E.2d 422 (1964) (emphasis added). *See also* Syl. pt. 2, *Pugh v.*

18

*Workers' Comp. Comm'r*, 188 W. Va. 414, 424 S.E.2d 759 (1992) ("*W. Va. Code*, 23-4-6 [1983], in part, permits the power and jurisdiction of the Workers' Compensation Commissioner to continue over cases before the Commissioner and to make modifications or changes with respect to former findings or orders as may be justified, provided that no further award may be made in the cases of nonfatal injuries more than two times within five years after the Commissioner shall have made *the last payment in the original award or any subsequent increase thereto* in any permanent disability case." (emphasis added)).

Thus, it is apparent that both Mr. Hammons and Ms. Stinnett had the right to receive workers' compensation benefits to which they are entitled as expediently as possible and to request that their claims be reopened to add further diagnoses and/or medical treatment necessitated by their initial work-related injuries.

### B. An Injured Worker's Right to Appeal Adverse Decisions

When a claimant receives an unfavorable ruling, the workers' compensation statutes allow him/her to appeal that decision through the workers' compensation system and ultimately to this Court. W. Va. Code § 23-5-1(b)(1) (2009) (Repl. Vol. 2010) recognizes the right to protest an adverse ruling of the Claims Administrator. The pertinent statutory language provides:

> Except with regard to interlocutory matters, upon making
> any decision, upon making or refusing to make any award or

19

upon making any modification or change with respect to former findings or orders, as provided by section sixteen, article four of this chapter, the Insurance Commissioner, private carrier or self-insured employer, whichever is applicable, shall give notice, in writing, to the parties to the claim of its action. The notice shall state the time allowed for filing a protest to the finding.

W. Va. Code § 23-5-1(b)(1). *Accord* Syl., *Miles v. State Comp. Comm'r*, 136 W. Va. 183, 67 S.E.2d 34 (1951) ("A claimant of compensation benefits for occupational disease, or his employer, under the provisions of Chapter 136, Acts of the Legislature, 1949, is entitled to make a timely protest to an adverse finding by the State Compensation Commissioner and an opportunity to introduce evidence and otherwise be heard, before such commissioner makes a final order."). *See also State ex rel. Garnes v. Hanley*, 150 W. Va. 468, 471, 147 S.E.2d 284, 286 (1966) ("[A] decision of the commissioner may be attacked directly. Code, 23-5-1, et seq., as amended."). Likewise, a claimant may appeal from a decision denying compensability. *See* W. Va. Code § 23-4-1c(a)(3) (2009) (Repl. Vol. 2010) ("In any claim for benefits under this chapter, the Insurance Commissioner, private carrier or self-insured employer, whichever is applicable, shall determine whether the claimant has sustained a compensable injury within the meaning of section one of this article and enter an order giving all parties immediate notice of the decision. . . . Any party may object to the order of the Insurance Commissioner, private carrier or self-insured employer, whichever is applicable, and obtain an evidentiary hearing as provided in section one, article five of this chapter[.]").

The Legislature further has granted claimants the right (1) to request the

20

reopening of their claims when they experience "a progression or aggravation in the claimant's condition" or can demonstrate "some other fact or facts which were not previously considered in [the Commissioner's] former findings and which would entitle the claimant to greater benefits than the claimant has already received" and (2) to object to a decision denying a reopening request. W. Va. Code § 23-5-3. *Accord* Syl. pt. 1, *Bostic v. State Comp. Comm'r*, 142 W. Va. 484, 96 S.E.2d 481 (1957) ("Where an injured employee makes application in writing for further adjustment of his claim, within the time provided in Code, 23-4-16, as amended, and the application discloses facts not theretofore considered by the commissioner, and which if true, would entitle claimant to further benefits, the claimant is entitled to have his claim reopened, and to have a determination of the matters alleged in the application."); Syl. pt. 2, *Blevins v. State Comp. Comm'r*, 127 W. Va. 481, 33 S.E.2d 408 (1945) (same); Syl. pt. 2, *Reed v. Comp. Comm'r*, 124 W. Va. 37, 18 S.E.2d 793 (1942) ("After an order of the Workmen's Compensation Commissioner determining a claimant's disability has become final, the case cannot be reopened except by the showing of 'a progression or aggravation in the claimant's condition, or some other fact or facts which were not theretofore considered by the commissioner in his former findings, and which would entitle such claimant to greater benefits than he has already received, ***.' Acts of Legislature 1939, Chapter 137, Article 5, Section 1-b."). *See* Syl., in part, *Harper v. State Workmen's Comp. Comm'r*, 160 W. Va. 364, 234 S.E.2d 779 (1977) ("For purposes of obtaining a reopening of a Workmen's Compensation claim . . . , the claimant must show a

21

prima facie cause, which means nothing more than any evidence which would tend to justify, but not to compel the inference that there has been a progression or aggravation of the former injury."). *See also* Syl., in part, *Justice v. State Comp. Dir.*, 149 W. Va. 216, 140 S.E.2d 424 (1965) ("When a claimant makes timely application in writing . . . for further adjustment of his claim and upon such application establishes a fact or facts not previously considered by the Director in his former findings which would entitle claimant to greater benefits than he was already received, the claim should be reopened, and this Court will reverse an order of the Workmen's Compensation Appeal Board affirming an order of the Director which denies a reopening of the claim."); Syl., in part, *Johnson v. State Comp. Comm'r*, 128 W. Va. 37, 35 S.E.2d 677 (1945) ("Where a claimant in a workman's compensation case makes timely application in writing under Code, 23-5-1, as amended and reenacted by Chapter 137, Acts, West Virginia Legislature, 1939, Article 5, Sections 1(a) and 1(b), for further adjustment of his claim, and upon such application claimant establishes a progression or aggravation in his condition, or a fact or facts not theretofore considered by the commissioner in his former findings, and which would entitle claimant to greater benefits than he has already received, this Court will reverse an order of the appeal board affirming the order of the commissioner which denies a reopening of the case.").

Should a claimant appealing from an adverse decision of the Claims Administrator to the Office of Judges still fail to obtain a favorable resolution of his/her

22

claim, he/she may then appeal the adverse ruling to the Board of Review. W. Va. Code § 23-5-10 (2005) (Repl. Vol. 2010) expressly recognizes that "[t]he employer, claimant, workers' compensation commission, the successor to the commission, other private insurance carriers and self-insured employers, whichever is applicable, may appeal to the appeal board created in section eleven of this article for a review of a decision by an administrative law judge."

Finally, from an unfavorable ruling of the Board of Review, an aggrieved claimant may appeal to this Court as provided by the pertinent language of W. Va. Code § 23-5-15(a):

> Review of any final decision of the board, including any order of remand, may be prosecuted by either party or by the workers' compensation commission, the successor to the commission, other private insurance carriers and self-insured employers, whichever is applicable, to the supreme court of appeals within thirty days from the date of the final order by filing a petition therefor with the court against the board and the adverse party or parties as respondents[.]

*Accord* Syl. pt. 2, *Glenn v. State Comp. Comm'r*, 118 W. Va. 203, 189 S.E. 705 (1937) ("An order of the compensation appeal board, from which an appeal may be had to this court, is one entered upon a final decision of the case by the appeal board.").

From these statutes granting claimants appeal rights, it is clear that

one of the essential purposes of the Workmen's Compensation

23

> Act as conceived by the Legislature . . . is to provide a simple
> and expeditious method of resolving the question of disputed
> claims arising from injuries occurring in the workplace. *E.g.*,
> *State ex rel. Conley v. Pennybacker*, 131 W. Va. 442, 48 S.E.2d
> 9 (1948); *Poccardi v. Ott*, 82 W. Va. 497, 96 S.E. 790 (1918).

*Mitchell v. State Workmen's Comp. Comm'r*, 163 W. Va. 107, 117, 256 S.E.2d 1, 9 (1979).

Thus, it is apparent that both Mr. Hammons and Ms. Stinnett were exercising their

legislatively-granted appeal rights when they were pursuing favorable determinations of their

compensability and medical treatment requests which relief provides the foundation for the

PPD evaluations they seek in the cases *sub judice*.

### C. An Injured Worker's Right to be Referred for a PPD Evaluation

Once a claimant's treatment for his/her work-related injury permits him/her to

return to work and/or the claimant has reached his/her maximum degree of medical

improvement, the claimant is entitled to be referred for a PPD evaluation to determine the

permanent disability caused by his/her work-related injury and the resulting benefits therefor.

*See* W. Va. Code § 23-4-7a(c) (indicating referral for PPD evaluation is appropriate when

"the claimant has either reached his or her maximum degree of improvement or is ready for

disability evaluation, or when the claimant has returned to work"). In recognition of this

right, the Legislature has expressly charged the Commission with the responsibility of

facilitating such a referral when a claimant has a lengthy period of temporary total disability:

> Notwithstanding the anticipated period of disability
> established pursuant to the provisions of subsection (b) of this

24

section, whenever in any claim temporary total disability continues longer than one hundred twenty days from the date of injury (or from the date of the last preceding examination and evaluation pursuant to the provisions of this subsection or pursuant to the directions of the commission under other provisions of this chapter), the commission, successor to the commission, other private carrier or self-insured employer, whichever is applicable, *shall* refer the claimant to a physician or physicians of the commission's selection for examination and evaluation in accordance with the provisions of subsection (d) of this section and the provisions of subsection (e) of this section are fully applicable: Provided, That the requirement of mandatory examinations and evaluations pursuant to the provisions of this subsection shall not apply to any claimant who sustained a brain stem or spinal cord injury with resultant paralysis or an injury which resulted in an amputation necessitating a prosthetic appliance.

W. Va. Code § 23-4-7a(f) (emphasis added). The Commission's statutory duty to refer a claimant for a PPD evaluation once the requirements of W. Va. Code § 23-4-7a(f) have been satisfied is *mandatory* as indicated by the Legislature's use of the word "shall" to define this duty:

> "It is well established that the word 'shall,' in the absence of language in the statute showing a contrary intent on the part of the Legislature, should be afforded a mandatory connotation." Syllabus Point 1, *Nelson v. West Virginia Public Employees Insurance Board*, 171 W. Va. 445, 300 S.E.2d 86 (1982).

Syl. pt. 1, *E.H. v. Matin*, 201 W. Va. 463, 498 S.E.2d 35 (1997). Nevertheless, while both Mr. Hammons and Ms. Stinnett have received TTD benefits in excess of the referenced 120-day benchmark, neither claimant has received a PPD evaluation referral from the Commission.

25

We previously have held that,

> [i]n workers' compensation cases, upon the consideration of our statutes, particularly W. Va. Code §§ 23-4-1, 6, and 8 (1931), all as amended, it is reasonable to conclude that after compensability has been determined, *the Workers' Compensation Commissioner must take the initiative in further processing the claim. The next step is to evaluate the disability* and inform the claimant of his award, if any.

Syl. pt. 1, *Hardy v. Richardson*, 198 W. Va. 11, 479 S.E.2d 310 (1996) (emphasis added).

By equal measure, though,

> [i]t is not incumbent upon a claimant, whose claim has been held compensable, to initiate the procedure for the evaluation of his disability; rather, *it is the obligation of the commissioner to then take such action as is necessary*, including referral for medical treatment, if needed, *to arrive at the disability award, if any, to which the claimant is entitled*.

Syl. pt. 2, *Baker v. State Workmen's Comp. Comm'r*, 164 W. Va. 389, 263 S.E.2d 883 (1980) (emphasis added).

Despite the clear and express duty of the Commission to facilitate an injured claimant's referral for a PPD evaluation, the Legislature additionally has stated that failure to effectuate such a referral does not leave the claimant's claim open indefinitely until a PPD referral is made. However, the Commission is *required* to inform claimants of their right to receive a PPD evaluation.

> Notwithstanding any provision in this chapter to the contrary, any claim which was closed for the receipt of temporary total disability benefits or which was closed on a

26

no-lost-time basis and which was more than five years prior to the effective date of this section shall not be considered to still be open or the subject for an evaluation of the claimant for permanent disability merely because an evaluation has not previously been conducted and a decision on permanent disability has not been made: Provided, That if a request for an evaluation was made in a claim prior to the twenty-ninth day of March, one thousand nine hundred ninety-three, the commission shall have the evaluation performed. In every instance, a claim shall be a case in which no award has been made for the purposes of section sixteen of this article. *In every claim closed after the effective date of this section, the commission shall give notice to the parties of the claimant's right to a permanent disability evaluation.*

W. Va. Code § 23-4-22. We have interpreted this section to mean that "West Virginia Code § 23-4-22 (1993) is applicable only to cases described in the section for which an order closing the case has been made by the Workers' Compensation Commissioner." Syl. pt. 2, *Hardy v. Richardson*, 198 W. Va. 11, 479 S.E.2d 310 (1996). We further have recognized that "West Virginia Code § 23-4-22 (1993) is effective only after ninety days had passed from its enactment to preclude the Workers' Compensation Commissioner from conducting a permanent disability evaluation with respect to any case closed for receipt of temporary total disability within five years of any order of closure." Syl. pt. 3, *Hardy*, 198 W. Va. 11, 479 S.E.2d 310.

From these authorities, it is apparent that both Mr. Hammons and Ms. Stinnett had a legislatively-created right to be receive a PPD evaluation referral and that such a referral was required to be initiated by the Commission.

27

### D. *Confluence of Injured Worker's Statutory Rights*

Upon a review of the preceding authorities, it is clear that Mr. Hammons and Ms. Stinnett, as injured workers, enjoy numerous rights that have been granted to them by the workers' compensation system: to receive medical treatment and compensation for their compensable workplace injuries, to appeal adverse workers' compensation decisions, and to be referred for a PPD evaluation to ascertain the permanent debilitating effects of their workplace injuries. Nevertheless, the Board of Review's denial of their requests for PPD evaluation referrals deprives Mr. Hammons and Ms. Stinnett of their right to receive such evaluations. This result is patently inconsistent with the workers' compensation statutes affording them the aforementioned rights and our caselaw interpreting the same.

We previously have held that

> [a] workmen's compensation claim must be considered in its entirety and cannot be regarded as divisible in the sense of being barred by the provisions of Code, 1931, 23-4-16, as amended, in relation to a disability of one character, or a disability affecting one part of the claimant's body, but, at the same time, alive and litigable in relation to another disability arising from the same injury but of a different character or one affecting a different part of the claimant's body.

Syl., *Bowman v. Workmen's Comp. Comm'r*, 150 W. Va. 592, 148 S.E.2d 708 (1966). *Accord Partlow v. Workmen's Comp. Comm'r*, 150 W. Va. 416, 421-22, 146 S.E.2d 833, 836 (1966). The Claims Administrator's initial and, ultimately, the Board of Review's ultimate application of W. Va. Code § 23-4-16(a)(2) to deny as untimely the claimants' requests for

28

PPD evaluation referrals herein–*which referrals the Commission was statutorily required to make in the first instance*–produces the very incongruous result that this Court has rejected as impermissible.

In order to have requested their PPD evaluations within the time contemplated by the Board of Review pursuant to W. Va. Code § 23-4-16(a)(2), Mr. Hammons would have had to request a PPD referral for his back injury *before, or immediately after,* it was held to be a compensable component of his initial work-related injury. Likewise, Ms. Stinnett could have timely requested a PPD referral for her back injury only if she had done so *before* her request for medical treatment therefor had been approved, which surgery was necessary for her to achieve her maximum degree of medical improvement requisite for a PPD evaluation. We have held that "[t]he law does not require a suitor to do a futile thing." Syl. pt. 2, *Brawley v. County Court of Kanawha Cnty.*, 117 W. Va. 697, 188 S.E. 139 (1936). We can fathom no factual circumstance in which a claimant's request for a PPD evaluation–which, we reiterate, the Commission, and not the claimant, was statutorily required to facilitate– would have been more futile than those presented by the cases *sub judice*. We also cannot condone rulings by the Board of Review that produce such absurd results by awarding TTD and medical benefits as to one part of a compensable injury while simultaneously refusing as untimely a permanent disability rating for the same part of the same compensable injury when the delay was occasioned not by the claimants' fault but by the workers' compensation

system's refusal to afford the requested benefits in the first instance and its failure to facilitate the supported PPD evaluations in the final instance.

Insofar as statutes cannot be read in isolation but rather must be considered as a part of the entire statutory scheme of which they form a part, we cannot conceive that this unjust and inconsistent result comports with the Legislature's stated intent to fully compensate workers injured during the course of and as a result of their employment. "'Statutes which relate to the same subject matter should be read and applied together so that the Legislature's intention can be gathered from the whole of the enactments.' Syllabus Point 3, *Smith v. State Workmen's Compensation Comm'r*, 159 W. Va. 108, 219 S.E.2d 361 (1975)." Syl. pt. 3, *Boley v. Miller*, 187 W. Va. 242, 418 S.E.2d 352 (1992). *Accord* Syl. pt. 2, *Beckley v. Kirk*, 193 W. Va. 258, 455 S.E.2d 817 (1995) ("""Statutes in pari materia, must be construed together and the legislative intention, as gathered from the whole of the enactments, must be given effect." Point 3., Syllabus, *State ex rel. Graney v. Sims*, 144 W. Va. 72 [105 S.E.2d 886 (1958) ]. Syl. pt. 1, *State ex rel. Slatton v. Boles*, 147 W. Va. 674, 130 S.E.2d 192 (1963).' Syl. pt. 1, *Transamerica Com. Fin. v. Blueville Bank of Grafton*, 190 W. Va. 474, 438 S.E.2d 817 (1993)."). Moreover, we are constrained to construe statutes consistently with one another and not in such a manner so as to produce an absurd or inconsistent result:

> It is the duty of a court to construe a statute according to its true intent, and give to it such construction as will uphold the

law and further justice. It is as well the duty of a court to disregard a construction, though apparently warranted by the literal sense of the words in a statute, when such construction would lead to injustice and absurdity.

Syl. pt. 2, *Click v. Click*, 98 W. Va. 419, 127 S.E. 194. *Accord* Syl. pt. 2, *Newhart v. Pennybacker*, 120 W. Va. 774, 200 S.E. 350 ("Where a particular construction of a statute would result in an absurdity, some other reasonable construction, which will not produce such absurdity, will be made."). *See also* Syl. pt. 4, *State ex rel. ACF Indus. v. Vieweg*, 204 W. Va. 525, 514 S.E.2d 176 (holding that "[i]nterpretations as to the meaning and application of workers' compensation statutes rendered by the Workers' Compensation Commissioner, as the governmental official charged with the administration and enforcement of the workers' compensation statutory law of this State, pursuant to W. Va. Code § 23-1-1 (1997) (Repl. Vol. 1998), should be accorded deference *if such interpretations are consistent with the legislation's plain meaning and ordinary construction*" (emphasis added)). Applying these rules of statutory construction to the cases *sub judice*, we conclude that the construction afforded to W. Va. Code § 23-4-16(a)(2) by the Commission to deny the PPD evaluation referrals requested by the claimants herein is inconsistent with, and directly contrary to, the claimants' rights to receive such evaluations and the benefits commensurate therewith. Therefore, we reverse the Board of Review's orders rejecting the claimants' PPD evaluation referral requests as untimely and find, instead, that the claimants were permitted to request such referrals to determine whether they have sustained any permanent disability as a result of their additional work-related back injuries at issue herein. In short, this result is necessary

31

to achieve the stated legislative purposes of providing compensation for employees' work-related injuries and affording them the opportunity to receive a permanent disability evaluation therefor. *See* W. Va. Code § 23-4-1(a) ("Subject to the provisions and limitations elsewhere in this chapter, workers' compensation benefits shall be paid the Workers' Compensation Fund, to the employees of employers subject to this chapter *who have received personal injuries in the course of an resulting from their covered employment*[.]" (emphasis added)); W. Va. Code § 23-4-7a (f) (requiring commission, or other named party, to refer claimant who has been temporarily and totally disabled for more than 120 days for a permanent disability evaluation).

In both Mr. Hammons' and Ms. Stinnett's case, their compensability and medical treatment rulings were denied by the Claims Administrator; such denials were upheld by the Board of Review; and this Court reversed the adverse rulings to grant the claimants the benefits they had initially requested as part of their original, compensable, work-related injuries. During the pendency of their litigation, or shortly thereafter, the time period for reopening provided by W. Va. Code § 23-4-16(a)(2) expired. However, without this Court's rulings finding Mr. Hammons' back injury to be compensable and authorizing Ms. Stinnett's request for medical treatment for her back injury, neither claimant would have had the medical evidence necessary to support their instant requests for PPD evaluations. Despite the claimants' clear entitlement to receive the PPD evaluation referrals they have

32

requested herein, the effect of the Commission's denial thereof produces an absurd and inconsistent result. In essence, the Claims Administrator's ruling recognizes Mr. Hammons' additional back injury as compensable, but denies him any compensation, *i.e.*, PPD benefits, therefor. Likewise, the Claims Administrator recognizes Ms. Stinnett's additional back injury also is compensable, but denies her any compensation, *i.e.*, PPD benefits, therefor. We simply cannot countenance such an absurd or inconsistent construction of the governing workers' compensation statutes that would rule an injury compensable on the one hand, but then would deny an award of benefits therefor with the other hand.

Accordingly, we hold that when a workers' compensation claimant (1) receives an award of permanent partial disability (PPD) for an initial workplace injury; (2) timely files a reopening request pursuant to W. Va. Code § 23-4-16(a)(2) (2005) (Repl. Vol. 2010) seeking to add an additional, related injury to his/her claim; (3) such additional injury is ruled compensable; and (4) the Commission, or other named party, fails to refer the claimant for a PPD evaluation in accordance with W. Va. Code § 23-4-7a(f) (2005) (Repl. Vol. 2010), the claimant may request a PPD evaluation referral even if the time period for reopening the initial claim, contemplated by W. Va. Code § 23-4-16(a)(2), has expired. To hold otherwise would effectively deny the claimant his/her statutory right to receive a permanent disability evaluation of his/her additional injury as provided by W. Va. Code § 23-4-7a (2005) (Repl. Vol. 2010) and deprive the claimant of his/her statutory right to receive benefits for his/her

33

workplace injury pursuant to W. Va. Code § 23-4-7(a) (2005) (Repl. Vol. 2010). We note that this holding is consistent with the recognition that "the statutory provisions authorizing reopening of workmen's compensation claims for further adjustment should be liberally construed." *Bowman v. Workmen's Comp. Comm'r*, 150 W. Va. 592, 595, 148 S.E.2d 708, 711 (1966) (citations omitted). *Accord Sheena H. for Russell H. v. Amfire, LLC*, ___ W. Va. ___, ___, ___ S.E.2d ___, ___, slip op. at 4 (No. 13-0875 Apr. 10, 2015) (Loughry, J., concurring) ("This Court has long recognized that '"[t]he Workmen's Compensation law is remedial in its nature, and must be given a liberal construction to accomplish the purpose intended." Syl. pt. 3, *McVey v. Chesapeake & Potomac Telephone Co.*, 103 W. Va. 519, 138 S.E. 97 (1927) (citation omitted).' Syl. Pt. 1, *Plummer v. Workers' Comp. Div.*, 209 W. Va. 710, 551 S.E.2d 46 (2001)."). *See also Martino v. Workers' Comp. Appeals Bd.*, 103 Cal. App. 4th 485, 489, 126 Cal. Rptr. 2d 812, 815 (2002) ("Limitations provisions in the workmen's compensation law must be liberally construed in favor of the employee unless otherwise compelled by the language of the statute, and such enactments should not be interpreted in a manner which will result in a loss of compensation." (internal quotations and citations omitted)).

We also find this result to be in keeping with our recent holding in Syllabus point 5 of *Sheena H. for Russell H. v. Amfire, LLC*, ___ W. Va. ___, ___ S.E.2d ___ (No. 13-0875 Apr. 10, 2015), wherein we determined that the applicable filing period for workers'

34

compensation dependent's death benefits should be tolled as a result of the medical

examiner's delayed completion of the decedent's autopsy report when such report provided

the only medical evidence indicating that the decedent's death had been caused by his work-

related injury.[9]  As with the cases *sub judice*, it was aptly noted in the concurrence to *Sheena*

*H.* that, "[u]ntil that autopsy report was issued, the decedent's family had no documentation

or other evidence indicating that the decedent's work-related injury directly caused, or at

least was a material factor, in his death." ___ W. Va. at ___, ___ S.E.2d at ___, slip op. at

3 (Loughry, J., concurring) (footnote omitted).  Coincidentally, neither of the claimants

herein had documentation to support their requests for PPD evaluations of their low back

injuries until this Court reversed prior Board of Review orders which provided them the

medical evidence necessary to permit them to request PPD evaluations herein.  Additionally,

today's holding is consistent with this Court's prior decision upon similar facts in *Baker v.*

---

[9]The full text of Syllabus point 5 of *Sheena H. for Russell H. v. Amfire, LLC*, ___ W. Va. ___, ___ S.E.2d ___ (No. 13-0875 Apr. 10, 2015) holds:

> Where a claimant to dependent's death benefits under the Workers' Compensation Act delays filing a claim because the claimant was unaware, and could not have learned through reasonable diligence, that the decedent's cause of death was work-related, and the delay was due to the medical examiner completing the making available an autopsy report, the six-month time limitation on filing a claim in West Virginia Code § 23-4-15(a) [2010] is tolled until the claimant, through reasonable diligence, could have learned of the autopsy report finding that the decedent's death was, in any material degree, contributed to by an injury or disease that arose in the course of and resulting from the decedent's employment.

35

*State Workmen's Compensation Commissioner*, 164 W. Va. 389, 263 S.E.2d 883 (1980), wherein this Court excused the claimant's untimely request for a PPD evaluation where the Commissioner's order ruled only that the claim was compensable but did not close the claim.

However, we would be remiss if we did not also acknowledge that several of our prior decisions have not resolved similar cases in the same manner. Distinguishable from the instant case is this Court's prior opinion in *Pugh v. Workers' Compensation Commissioner*, 188 W. Va. 414, 424 S.E.2d 759. In *Pugh*, we found a claimant's reopening request for PPD benefits to be untimely where the claimant previously had received a PPD award for the same compensable injury and sought additional PPD benefits therefor. By contrast, the claimants in the instant proceeding have not sought an increase in the PPD awards they received for their initial work-related injuries to their leg and wrist, but rather request PPD evaluations for their additional back injury diagnoses. *See also Littleton v. West Virginia Office of Ins. Comm'r*, No. 11-0540, 2013 WL 598492 (W. Va. Feb. 14, 2013) (unpublished mem. dec.) (claimant filed untimely application for permanent total disability ["PTD"] benefits based upon same injuries for which he previously had received PPD awards); *Kuhns v. West Virginia Office of Ins. Comm'r*, No. 11-0026, 2012 WL 3104191 (W. Va. July 26, 2012) (unpublished mem. dec.) (claimant filed reopening request seeking additional PPD benefits for a psychiatric disorder for which he previously had received a PPD award); *Fisher v. West Virginia Office of Ins. Comm'r*, No. 11-0031, 2012 WL 3000665

36

(W. Va. July 6, 2012) (unpublished mem. dec.) (claimant sought reopening to seek additional PPD benefits for progression of initial work-related injury for which she previously had received a PPD award); *Puher v. West Virginia Office of Ins. Comm'r*, No. 101483, 2012 WL 3206530 (W. Va. Mar. 26, 2012) (unpublished mem. dec.) (claimant filed untimely application for PTD benefits based upon same injuries for which she previously had received a PPD award); *Speights v. West Virginia Office of Ins. Comm'r*, No. 101173, 2011 WL 8185559 (W. Va. Nov. 10, 2011) (unpublished mem. dec.) (claimant filed untimely application for PTD benefits based upon same injuries for which he previously had received a PPD award). *Cf. Taylor v. State Workmen's Comp. Comm'r*, 152 W. Va. 609, 165 S.E.2d 613 (1969) (refusing claimants reopening request seeking TTD benefits).

Finally, a review of this Court's unpublished memorandum decisions issued in workers' compensation appeals indicates that we have reached a contrary result in cases presenting fact patterns similar to the cases *sub judice* wherein a claimant (1) has received a PPD award for one work-related injury; (2) has been permitted to add an additional compensable diagnosis to his/her initial work-related injury claim; but (3) subsequently has been denied a PPD evaluation for the additional diagnosis because the filing deadline of W. Va. Code § 23-4-16 expired during litigation regarding the compensability or medical treatment for the additional diagnosis. *See, e.g.*, *Lewis v. West Virginia Office Ins. Comm'n*, Nos. 11-1689 & 11-1722, 2012 WL 5834630 (W. Va. Nov. 16, 2012) (unpublished mem.

dec.); *Lovas v. West Virginia Office of Ins. Comm'r*, No. 11-0288, 2012 WL 4054100 (W. Va. Sept. 14, 2012) (unpublished mem. dec.); *Buzzard v. West Virginia Office of Ins. Comm'r*, No. 101433, 2012 WL 3195758 (W. Va. Mar. 29, 2012) (unpublished mem. dec.); *Stover v. West Virginia Office of Ins. Comm'r*, No. 11-0097, 2011 WL 8199963 (W. Va. Dec. 7, 2011) (unpublished mem. dec.); *Fox v. West Virginia Office of Ins. Comm'r*, No. 100806 (W. Va. July 21, 2011) (unpublished mem. dec.). Given the abbreviated factual and legal discussion set forth in this Court's memorandum decisions, we cannot say that such prior decisions have fully considered and analyzed the applicable statutory and jurisprudential law as thoroughly and thoughtfully as does our extensive discussion of the issue herein. "[A] precedent-creating opinion that contains no extensive analysis of an important issue is more vulnerable to being overruled than an opinion which demonstrates that the court was aware of conflicting decisions and gave at least some persuasive discussion as to why the old law must be changed." *State v. Guthrie*, 194 W. Va. 657, 679 n.28, 461 S.E.2d 163, 185 n.28 (1995). Thus, "[a]lthough this Court is loathe to overturn a decision so recently rendered, it is preferable to do so where a prior decision was not a correct statement of law." *Murphy v. Eastern American Energy Corp.*, 224 W. Va. 95, 101, 680 S.E.2d 110, 116 (2009). *See also Farley v. Sartin*, 195 W. Va. 671, 678, 466 S.E.2d 522, 529 (1995) ("[S]tare decisis does not require static doctrines but instead permits law to evolve and to adjust to changing conditions and notions of justice as well as to varied sets of facts[.]"). Based upon our foregoing analysis, we conclude that the detailed statutory analysis of the governing workers'

compensation statutes to find that the claimants' requests for PPD evaluations should have been allowed despite the operation of the statutory reopening time period set forth in W. Va. Code § 23-4-16(a)(2) more faithfully fulfills the stated legislative purpose to ensure injured workers are fully compensated for their injuries than our cursory discussions in recent memorandum decisions that have "elevate[d] form over substance." *Sheena H.*, ___ W. Va. at ___, ___ S.E.2d at ___, slip op. at 4 (Loughry, J., concurring). Therefore, we expressly overrule those prior opinions of this Court ruling untimely a claimant's request for a PPD evaluation where the claimant (1) has received a PPD award for one work-related injury; (2) has been permitted to add an additional compensable diagnosis to his/her initial work-related injury claim; but (3) subsequently has been denied a PPD evaluation for the additional diagnosis because the filing deadline of W. Va. Code § 23-4-16(a)(2) expired before the claimant could request such an evaluation when the Commission, or other named party, failed to refer the claimant therefor. *See, e.g.*, *Lewis v. West Virginia Office Ins. Comm'n*, Nos. 11-1689 & 11-1722, 2012 WL 5834630 (W. Va. Nov. 16, 2012) (unpublished mem. dec.); *Lovas v. West Virginia Office of Ins. Comm'r*, No. 11-0288, 2012 WL 4054100 (W. Va. Sept. 14, 2012) (unpublished mem. dec.); *Buzzard v. West Virginia Office of Ins. Comm'r*, No. 101433, 2012 WL 3195758 (W. Va. Mar. 29, 2012) (unpublished mem. dec.); *Stover v. West Virginia Office of Ins. Comm'r*, No. 11-0097, 2011 WL 8199963 (W. Va. Dec. 7, 2011) (unpublished mem. dec.); *Fox v. West Virginia Office of Ins. Comm'r*, No. 100806 (W. Va. July 21, 2011) (unpublished mem. dec.).

Applying the holding announced herein to the facts of the cases *sub judice*, we conclude that both Mr. Hammons and Ms. Stinnett should have received the PPD evaluation referrals they requested herein because they both timely requested to reopen their initial work-related injury claims to add an additional diagnosis; their additional diagnoses were ruled compensable; and the Commission failed make the permanent disability evaluation referrals in the first instance. To rule otherwise would deprive the claimants of the benefits to which they are entitled as compensation for their workplace injuries.

## IV.

## CONCLUSION

For the foregoing reasons, the decision rendered November 28, 2012, by the Workers' Compensation Board of Review in Mr. Hammons' claim, Case Number 12-1473, is hereby reversed, and this case is remanded to allow Mr. Hammons' request for a PPD evaluation of his compensable back injury. Likewise, the decision rendered February 25, 2013, by the Workers' Compensation Board of Review in Ms. Stinnett's claim, Case Number

13-0312, also is reversed, and this case also is remanded with directions to allow Ms. Stinnett's request for a PPD evaluation of her compensable back injury.

Case Number 12-1473 - Reversed and Remanded.

Case Number 13-0312 - Reversed and Remanded.