# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**RONALD L. STEELE,**
**Claimant Below, Petitioner**

**FILED**
January 20, 2021
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-1167** (BOR Appeal No. 2054375)
(Claim No. 990042282)

**THE WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**STEELE TRUCKING, INC.,**
**Employer Below, Respondent**


# MEMORANDUM DECISION

Petitioner Ronald L. Steele, by Counsel Jerome J. McFadden, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). The West Virginia Office of Insurance Commissioner, by Counsel Melissa M. Strickler, filed a timely response.

By ruling dated September 19, 2018, the claims administrator denied Mr. Steele's request to reopen his claim for a permanent partial disability evaluation. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's Order on July 3, 2019. This appeal arises from the Board of Review's Order dated November 22, 2019, in which the Board of Review affirmed the decision of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On December 8, 1998, Mr. Steele sustained an injury to his back, among other injuries, while working as a coal truck driver. On January 13, 1999, the claims administrator found the

claim compensable for contusion of the chest wall, neck sprain, and lumbosacral sprain. Mr. Steele was awarded temporary total disability benefits from December 8, 1998, through June 20, 1999. On December 13, 2000, the Office of Judges affirmed a claims administrator's Order of November 3, 1999, which granted Mr. Steele a 15% permanent partial disability award. In its decision, the Office of Judges noted that the claim was compensable only for contusion of the chest wall, neck sprain, and lumbosacral sprain. On September 18, 2001, Naeem Pervaiz, M.D., sought authorization for a cystoscopy test regarding urological conditions related to the compensable injury.

In a letter dated September 12, 2018, Mr. Steele requested that his claim be reopened for a permanent partial disability evaluation. The reopening request included, but was not limited to, his urological condition. In support of his request, Mr. Steele submitted a final decision from the Office of Judges dated July 18, 2002, in which Mr. Steele claims the Office of Judges held his urological problems compensable, which warranted treatment in the claim based upon the request of Naeem Pervaiz, M.D., Mr. Steele's treating urologist. The Office of Judges stated:

> The record contains the report of Dr. Pervaiz, which states that the claimant began having [urological] difficulties following the work-related incident of December 8, 1998. It is the doctor's opinion that these problems are being caused by the claimant's pain from the compensable low back injury. Dr. Pervaiz requested approval for this cystoscopy in order to rule out urethral stricture and neuromuscular bladder dysfunction. No evidence was submitted to refute Dr. Pervaiz's finding, so therefore, based on his opinions, the Division's Order will be reversed. A cystoscopy is now authorized.

Mr. Steele further argued that pursuant to *Hammons v. WVOIC*, 235 W. Va. 577, 775 S.E.2d 458 (2015), the claims administrator had an affirmative obligation to refer him for a permanent partial disability examination. He also asserted that the claims administrator's Order of October 11, 1999, which closed the claim for temporary total disability benefits, did not provide him notice of his right to request a permanent partial disability evaluation.

By claims administrator's Order dated September 19, 2018, Mr. Steele's request to reopen his claim for a permanent partial disability evaluation was denied. The claims administrator indicated that the decision was based upon the following:

> The Order dated July 18, 2002, reversed the denial of the Division's Order of March 12, 2002, which denied a cystoscopy; there is no Order accepting bladder or sexual dysfunction as compensable in your claim.

Mr. Steele protested the claims administrator's decision and argued that the July 18, 2002, Decision of the Office of Judges established the compensability of his urological conditions and the matter was res judicata. He also asserted that he is entitled to a permanent partial disability exam when the Old Fund fails to give notice of a right to a permanent partial disability exam under West Virginia Code § 23-4-22.

In a Final Decision dated July 3, 2019, the Office of Judges found that Mr. Steele's urological condition was not a compensable component of the claim simply because diagnostic testing was authorized for further evaluation of his urological complaints. The Office of Judges noted that West Virginia Code of State Rules § 85-20-21 specifically permits the authorization of treatment for a non-compensable condition when it is determined that the non-compensable condition is preventing recovery by aggravating the occupational injury, which does not rise to the level of a finding of compensability for the condition which is being evaluated. The mere fact that a condition is investigated or evaluated does not make that condition compensable. Evaluation merely provides information to the physician about a claimant's overall condition. The Office of Judges found that Mr. Steele failed to produce any evidence to show that a compensable urological condition had been recognized in this claim. Therefore, it was found that Mr. Steele failed to show an aggravation or progression of a compensable condition or some new facts not previously considered that would entitle him to a reopening of the claim for a permanent partial disability evaluation. Additionally, the Office of Judges addressed Mr. Steele's *Hammons* argument by determining that the record shows that he received an initial permanent partial disability evaluation, as well as an award of permanent partial disability, for all of the recognized compensable conditions in the claim.

In addressing Mr. Steele's argument that the claims administrator's Order of October 11, 1999, which closed the claim for temporary total disability benefits, failed to notify him of his right to a permanent partial disability evaluation as required by West Virginia Code § 23-4-22, the Office of Judges found his reliance on the statute was misplaced. The Office of Judges found that the statute only pertains to claims in which no permanent partial disability award has been made. Specifically, West Virginia Code § 23-4-22 states:

> In every instance, a claim shall be a case in which no award has been made for the purposes of section sixteen of this article.[1] In every claim closed after the effective date of the section, the commission shall give notice to the parties of the claimant's right to a permanent partial disability evaluation.

The Office of Judges found that the provisions of West Virginia Code § 23-4-22 do not apply in Mr. Steele's claim, as his compensable conditions were properly evaluated for permanent disability, and he was granted a 15% permanent partial disability award for his compensable conditions. Accordingly, the claims administrator's Order of September 19, 2018, was affirmed because Mr. Steele failed to show by a preponderance of the evidence that he is entitled to a reopening of the claim for a new permanent partial disability evaluation. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed the decision in an Order dated November 22, 2019.

---

[1] West Virginia Code § 23-4-16 establishes jurisdictional time limits for the reopening of claims. It holds that in claims closed without the entry of a permanent partial disability award, a claimant's request to reopen must be made within five years of the date the claim was closed. In claims in which a permanent partial disability award has been entered, the request for reopening must be filed within five years of the date of the initial permanent partial disability award.

After review, we agree with the decision of the Office of Judges, as affirmed by the Board of Review. The claim is compensable only for contusion of the chest wall, neck sprain, and lumbosacral sprain pursuant to the claims administrator's Order dated January 13, 1999. The Office of Judges correctly found that Mr. Steele's request for a reopening of his claim for a permanent partial disability evaluation was unrelated to the compensable injury. His compensable conditions have been properly evaluated, and he was granted a 15% permanent partial disability award. As such, the provisions of West Virginia Code § 23-4-22 do not apply in his claim. Mr. Steele's argument that the issue of reopening is res judicata is not tenable because the issue of whether his urological conditions are related to this claim has never been litigated previously. Any litigation regarding the authorization for evaluation of Mr. Steele's condition is not the same legal issue and therefore, it cannot be res judicata regarding the request for a permanent partial disability evaluation.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: January 20, 2021**

**CONCURRED IN BY:**
Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

4