## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**RHONDA K. BRISENDINE,**
**Claimant Below, Petitioner**

**FILED**
**May 20, 2021**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 20-0276** (BOR Appeal No. 2054873)
(Claim No. 2019011829)

**WV DIVISION OF HIGHWAYS,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Rhonda K. Brisendine, by Counsel William B. Gerwig III, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). WV Division of Highways, by Counsel Jillian L. Moore, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim on December 18, 2018. The Workers' Compensation Office of Judges ("Office of Judges") reversed the decision in its November 7, 2019, Order and held the claim compensable for bilateral carpal tunnel syndrome. The Order was reversed by the Board of Review on April 14, 2020.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W.Va. Code § 23-5-15, in relevant part, as follows:

> (b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions[.]
>
> . . . .

1

(d) If the decision of the board effectively represents a reversal of a prior ruling of either the commission or the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the board's findings, reasoning and conclusions, there is insufficient support to sustain the decision. The court may not conduct a de novo re-weighing of the evidentiary record. . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r*, 235 W.Va. 577, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Ms. Brisendine, a project manager, alleges that she developed carpal tunnel syndrome in the course of and resulting from her employment. Ms. Brisendine has a long history of hand symptoms. In a January 13, 2014, treatment note, Molly John, M.D., stated that Ms. Brisendine likely has Raynaud's disease in her hands. On December 15, 2015, Ms. Brisendine reported hand numbness, usually when she rode her motorcycle. On October 10, 2018, Dr. John noted that Ms. Brisendine was seen for occupational bilateral hand and wrist injuries due to constant use of a computer mouse, keyboard, and calculator. Glenn Goldfarb, M.D., performed an EMG on November 8, 2018, in which he found severe right carpal tunnel syndrome and moderate left carpal tunnel syndrome.

In a November 28, 2018, email, Ms. Brisendine described her job duties as large amounts of typing, computer work, data entry, and calculator use. She stated that she had experienced numbness, tingling, pain, and spasms for many years and that the symptoms worsened over time. Ms. Brisendine completed a Carpal Tunnel Syndrome Questionnaire on December 7, 2018, in which she stated that she was diagnosed with bilateral carpal tunnel syndrome on November 6, 2018. She reported pain, tingling, numbness, loss of sensation, fatigue, loss of control/coordination, clumsiness, and stiffness in both hands. Ms. Brisendine stated that she also suffers from neck pain, rheumatoid arthritis, high blood pressure, and obesity. The Employees' and Physicians' Report of Injury was completed on December 11, 2018, and indicates Ms. Brisendine injured both of her hands due to performing repetitive tasks at work such as using a keyboard, mouse, and calculator.

James Dauphin, M.D., performed a Physician Review on December 12, 2018, in which he recommended that Ms. Brisendine's application for benefits be denied. He noted that Ms. Brisendine reported numbness and weakness in both hands. He found that she is obese. An EMG showed moderate to severe carpal tunnel syndrome. Dr. Dauphin opined that while Ms. Brisendine suffers from carpal tunnel syndrome, the condition is not the result of her work duties. He found that the condition is likely the result of leisure activities and obesity. Dr. Dauphin noted that West Virginia Code of State Rules § 85-20-41 states that there is no relationship between clerical

2

activities and carpal tunnel syndrome. The claims administrator rejected the claim on December 18, 2018. In a May 2, 2019, letter, Dr. John opined that Ms. Brisendine has bilateral carpal tunnel syndrome that is likely the result of her use of a computer at work.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on July 24, 2019, in which he diagnosed bilateral carpal tunnel syndrome but opined that the condition was not the result of Ms. Brisendine's work duties. Dr. Mukkamala stated that medical literature does not support a causal connection between carpal tunnel syndrome and computer use or typing. He cited a Mayo Clinic finding stating that several studies failed to show a connection between carpal tunnel syndrome and computer use. Dr. Mukkamala found that Ms. Brisendine had a significant nonoccupational risk factor for carpal tunnel syndrome in the form of obesity.

The Office of Judges reversed the claims administrator's rejection of the claim and held the claim compensable for bilateral carpal tunnel syndrome on November 7, 2019. It found that Ms. Brisendine's treating physician opined that she developed bilateral carpal tunnel syndrome in the course of and resulting from her employment. Dr. John has treated Ms. Brisendine for many years and was aware of her preexisting conditions. The Office of Judges determined that Ms. Brisendine's work duties involved years of repetitive activity, including daily keyboard use for over twenty-five years and that carpal tunnel syndrome is caused by repetitive activity. Further, diagnostic studies showed bilateral carpal tunnel syndrome. The Office of Judges concluded that Dr. John's opinion was the most reliable of record.

The Board of Review reversed the Office of Judges' Order and reinstated the claims administrator's rejection of the claim on April 14, 2020. It found that Ms. Brisendine reported bilateral carpal tunnel syndrome due to repetitive tasks such as typing, using a computer mouse, and using a calculator. The treating physician, Dr. John, opined that Ms. Brisendine suffered occupationally induced carpal tunnel syndrome as a result of constant use of a keyboard, mouse, and calculator. The Board of Review noted that Dr. Dauphin opined in his Physician Review that Ms. Brisendine's carpal tunnel syndrome is not the result of her occupational duties. Likewise, Dr. Mukkamala opined in his independent medical evaluation that Ms. Brisendine does not have occupationally induced carpal tunnel syndrome. The Board of Review stated that per West Virginia Code of State Rules § 85-20-41.5, studies have failed to show a correlation between clerical activities and carpal tunnel syndrome. Further, West Virginia Code of State Rules § 85-20-41.4 states that confounding conditions, such as obesity, can precipitate carpal tunnel syndrome symptoms. The Board of Review concluded that Ms. Brisendine's job duties were normal clerical activities that do not fall in the high-risk categories for carpal tunnel syndrome.

After review, we agree with the reasoning and conclusions of the Board of Review. West Virginia Code of State Rules § 85-20-41.5, specifically states that clerical duties are not the type of work duties that cause carpal tunnel. Ms. Brisendine alleges that she developed bilateral carpal tunnel as a result of excessive computer work. Further, Ms. Brisendine has a confounding condition that can cause carpal tunnel syndrome. Therefore, the decision of the Board of Review, denying the claim, is affirmed.

Affirmed.

**ISSUED:** May 20, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead

**DISSENTING:**

Justice John A. Hutchison
Justice William R. Wooton

4