STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**WELCH EMERGENCY HOSPITAL,**
**Employer Below, Petitioner**

**vs.)    No. 20-0303** (BOR Appeal No. 2054810)
                        (Claim No. 2017016005)

**MILTON L. STEELE,**
**Claimant Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Welch Emergency Hospital, by Counsel H. Dill Battle III, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Milton L. Steele, by Counsel Gregory S. Prudich, filed a timely response.

The issue on appeal is permanent partial disability. The claims administrator granted a 5.5% permanent partial disability award on March 13, 2018. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its October 29, 2019, Order. The Order was reversed by the Board of Review on April 23, 2020, and Mr. Steele was granted a 12.25% permanent partial disability award.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon material mischaracterizations of the evidence of record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

(b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions[.]

1

(d) If the decision of the board effectively represents a reversal of a prior ruling of either the commission or the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the board's findings, reasoning and conclusions, there is insufficient support to sustain the decision. The court may not conduct a de novo re-weighing of the evidentiary record. . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r*, 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. W. Va. Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Steele, a retired hospital maintenance worker, developed occupational hearing loss in the course of and resulting from his employment. A May 12, 2016, treatment note from Welch Audiology Clinic indicates Mr. Steele was seen for hearing loss. He reported a family history of hearing loss as well as occupational noise exposure. William Larsen, Au.D., found hearing loss, most pronounced in the higher frequencies. Mr. Steele also had disability in speech discrimination. On May 19, 2016, Dr. Larsen assessed 11.25% impairment for tones and 1% for speech discrimination for a total of 12.25% impairment.

The May 17, 2016, Employees' and Physicians' Report of Occupational Hearing Loss indicates Mr. Steele was exposed to hazardous noise from 1969 to 1976 while employed by Rawlins Division of Zenith. From 1979 to February of 2007, he was exposed to hazardous noise while employed at Welch Emergency Hospital as a maintenance man. The physicians' section was completed by Zaven Jabourian, M.D., who diagnosed bilateral sensorineural hearing loss attributable to or perceptibly aggravated by industrial noise exposure.

In a June 8, 2016, treatment note, Dr. Jabourian stated that he reviewed Mr. Steele's audiogram, which showed bilateral noise induced hearing loss. Dr. Jabourian noted that he was unaware of a family history of hearing loss. He agreed with the calculation of 12.25% impairment due to occupational hearing loss.

David Phillips, M.D., performed an Independent Medical Evaluation on August 15, 2017, in which he noted that Mr. Steele reported hearing loss for a few years. An audiogram was performed and showed bilateral mild/sloping to severe high frequency hearing loss. Speech discrimination was 96% on the right and 92% on the left. Dr. Phillips found that his audiograms were similar to the two prior tests of record. He noted that Mr. Steele had an occupational history consistent with significant noise exposure. However, he was also sixty-seven years old and likely had some age-related hearing loss. He noted that Dr. Jabourian did not consider age-related hearing

loss in his evaluation. Dr. Phillips opined that noise exposure was not likely to cause significant low frequency hearing loss. He assessed 5.5% impairment due to occupational noise exposure. The claims administrator granted a 5.5% permanent partial disability award on March 13, 2018.

In an undated letter, Dr. Jabourian stated that he did not review Dr. Phillips's report, but he opined that Mr. Steele does not necessarily suffer from age-related hearing loss. His assessment remained 12.25%. Dr. Phillips stated in a June 26, 2019, letter that his adjustments to Mr. Steele's audiogram are supported by medical literature. He stated that he made adjustments at the lower frequencies only where age-related hearing loss is more likely to be a contributing factor. Dr. Phillips asserted that his impairment assessment was accurate and stated that Dr. Jabourian's letter did not provide a sound medical basis to attribute Mr. Steele's hearing loss to only occupational noise.

The Office of Judges affirmed the claims administrator's grant of a 5.5% permanent partial disability award in its October 29, 2019, Order. The Office of Judges determined that Dr. Phillips's evaluation was the most reliable of record. At the time of evaluation, Mr. Steele was approximately ten years removed from his employment. He reported hearing loss for a few years. He also reported a family history of hearing loss, of which Dr. Jabourian appeared to be unaware. The Office of Judges found that if Mr. Steele's hearing loss was strictly noise related, there should be no variation between the air scores and the bone scores; however, there was variation noted. Further, lower frequency hearing should not be affected by noise. The Office of Judge found that both Drs. Jabourian and Phillips are fully qualified to render an expert opinion regarding impairment. However, Dr. Phillips's report was found to be far more detailed. Dr. Jabourian, on the other hand, did not even review Dr. Phillips's report before commenting on it. The Office of Judges therefore found that Dr. Phillips's assessment of 5.5% impairment was the most reliable of record.

The Board of Review reversed the Office of Judges' Order and granted a 12.25% permanent partial disability award on April 23, 2020. The Board found that there are two assessments of record. Dr. Jabourian found impairment solely due to occupational noise induced hearing loss. Dr. Phillips found impairment due to both occupational noise and age-related hearing loss. The Board determined that Dr. Jabourian's rating was based on the June 8, 2016, audiogram. The study met the validity requirements of West Virginia Code of State Rules § 85-20-47.4. The Board also found that Dr. Jabourian opined that all of Mr. Steele's impairment was due to occupational exposure. The Board of Review determined that Dr. Phillips's report does not document all four validity and reliability checks as required by West Virginia Code of State Rules 85-20-47.4. Further, Dr. Phillips apportioned a large amount of impairment for age-related hearing loss but did not identify any objective evidence in support. The Board concluded that Dr. Phillips's adjustment was speculative and did not meet the requirements of West Virginia Code § 23-4-9b. Therefore, the Office of Judges' decision was reversed, and Mr. Steele was granted a 12.25% permanent partial disability award.

After review, we find that the Board of Review's decision is the result of material mischaracterizations of the evidence of record. It appears that both reports of record are flawed. Dr. Phillips's report fails to conform to the requirements of West Virginia Code of State Rules 85-20-47.4, as found by the Board of Review. Dr. Jabourian's report fails to address age-related

3

hearing loss, as found by the Office of Judges, which given Mr. Steele's age and family history of hearing loss, should have at least been considered and addressed. In order to obtain an accurate assessment of Mr. Steele's impairment, another Independent Medical Evaluation is required. Therefore, the case is reversed and remanded with instructions for Mr. Steele to undergo another independent medical evaluation in order to assess the amount of permanent impairment he has suffered due to occupational hearing loss.

Reversed and Remanded.

**ISSUED: June 23, 2021**

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead

**DISSENTING:**

Justice John A. Hutchison
Justice William R. Wooton

4