# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**ROY W. MILLER,**
**Claimant Below, Petitioner**

**vs.)**  **No. 20-0550** (BOR Appeal No. 2055370)
                    (Claim No. 2017004014)

**DYNAMIC ENERGY, INC., LWF,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Roy W. Miller, by Counsel James D. McQueen Jr., appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Dynamic Energy, Inc., LWF, by Counsel Steven K. Wellman, filed a timely response.

The issue on appeal is protestability. The claims administrator declined Mr. Miller's request to correct or amend a prior Order in a letter dated February 25, 2020. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its May 14, 2020, Order. The Order was affirmed by the Board of Review on June 24, 2020.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions . . . .

> (c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in

1

the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of Constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record.

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Miller, a heavy equipment operator, has two separate claims for workers' compensation injuries. Claim number 2017004014 was held compensable for injuries to the neck and spine. Mr. Miller then filed a separate claim, numbered 2018018941, for carpal tunnel syndrome. On March 26, 2018, the claims administrator rejected claim number 2018018941. This decision was not appealed and became final. On February 20, 2020, Mr. Miller sent a letter to the claims administrator requesting that the March 26, 2018, decision be modified to say that carpal tunnel syndrome is a compensable condition in claim number 2017004014. On February 25, 2020, the claims administrator denied Mr. Miller's request to correct or amend its March 26, 2018, Order. The claims administrator stated that it is not a tribunal and does not issue orders in response to motions. Further, the claims administrator already issued a denial of carpal tunnel syndrome in response to the claim filed in claim number 2018018941 and that decision was not appealed.

On May 14, 2020, the Office of Judges refused to acknowledge Mr. Miller's protest to the February 25, 2020, claims administrator letter. The Office of Judges found that Mr. Miller's due process rights were not violated. Mr. Miller had the right to protest the March 26, 2018, claims administrator decision denying his claim for carpal tunnel syndrome and failed to do so. That decision became final. Further, the claims administrator does not have the authority to correct or amend an Order issued in one claim by issuing an Order in a different claim. The Office of Judges determined that the claims administrator's February 25, 2020, letter was not protestable and it therefore refused to acknowledge Mr. Miller's protest. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on June 24, 2020.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The claims administrator's March 26, 2018, letter contained no protestable language. Mr. Miller had the opportunity to appeal the decision denying his claim for carpal tunnel syndrome and failed to do so. Further, the claims administrator does not have the authority to add a condition to one claim by issuing an Order in the other claim.

Affirmed.

2

**ISSUED: November 5, 2021**


**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton