## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JOHN EAGLE JR.,**
**Claimant Below, Petitioner**

**vs.)    No. 20-0549** (BOR Appeal No. 2054962)
                         (Claim No. 2019012317)

**KINGSTON MINING, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner John Eagle Jr., by counsel Edwin H. Pancake, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Kingston Mining, Inc. ("Kingston Mining"), by counsel Sean Harter, filed a timely response.

The issue on appeal is the compensability of the claim for occupational pneumoconiosis benefits. The claims administrator rejected the claim in an Order dated February 11, 2019. On November 27, 2019, the Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's decision. This appeal arises from the Board of Review's Order dated June 30, 2020, in which the Board affirmed, but modified, the Order of the Office of Judges. The Board modified the Order to reflect that the claim is rejected based upon this Court's ruling in *Pennington v. West Virginia Office of Insurance Commissioner*, 241 W. Va. 180, 820 S.E.2d 626 (2018).

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

(b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions.

(c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of Constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record.

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Eagle was employed in various positions in the coal industry for nearly thirty years prior to his retirement in February 2016. From January 1, 2008, through February 2, 2016, he was employed by Kingston Mining as a dispatcher. On May 9, 2018, George L. Zaldivar, M.D., signed an ILO Report concerning an x-ray of the same date. Dr. Zaldivar found no pleural or parenchymal abnormalities consistent with pneumoconiosis.

In an Employees' Report of Occupational Pneumoconiosis application dated October 25, 2018, Mr. Eagle filed for workers' compensation benefits but did not indicate if he had any medical reports diagnosing him with occupational pneumoconiosis. On the application, he asserted that he had been exposed to the hazards of occupational pneumoconiosis for approximately thirty years, including his last thirteen years of employment with Kingston Mining. He also expressed that his present symptoms include shortness of breath, heavy coughing, wheezing, and trouble sleeping due to breathing issues. A Physician's Report of Occupational Pneumoconiosis was completed by a representative of Cabin Creek Health Center on October 25, 2018. The noted diagnosis on the form was coal dust exposure. In addressing whether Mr. Eagle had contracted occupational pneumoconiosis and how long he had been suffering from the same, the form was marked "unknown."

The claims administrator rejected Mr. Eagle's application for occupational pneumoconiosis benefits on February 11, 2019, and determined that he had not experienced any exposure to the hazards of occupational pneumoconiosis in his position as a dispatcher, an office position, from January 2, 2008, through February 1, 2016. Mr. Eagle protested the claims administrator's Order

In support of his protest, Mr. Eagle tendered a transcript of his deposition dated June 28, 2019, in which he testified that he worked as a dispatcher for Kingston Mining since 2005.

Although he had the job title of dispatcher, he stated that in addition to helping direct and control traffic in and around the mine, he was also required to clean the bath house twice per shift, clean belt lines, and unload supplies regularly. Mr. Eagle characterized his place of employment as a dusty environment, and he would work in these dusty conditions for approximately four hours per day. Even when he worked in the office, he was approximately 100 feet from where coal was being hauled and the office's air conditioner would clog due to dust. Mr. Eagle testified that he could see dust in the air and noticed it collecting in his work area. While sweeping, he stated that the dust would look like a cloud. In all, Mr. Eagle said that he was exposed to dust twenty-four hours a week. Although he wore paper masks when he shoveled the belt, he did not wear breathing protection inside where he testified that the amount of dust was so great that it would collect on his glasses.

By Decision of the Office of Judges dated November 27, 2019, the claims administrator's Order of February 11, 2019, which rejected Mr. Eagle's application for occupational pneumoconiosis benefits, was affirmed. The Office of Judges noted this Court's ruling in *Fletcher v. WVOIC*, No. 11-0404 (W. Va. Supreme Court, October 31, 2012) (memorandum decision), in determining that Mr. Eagle's most recent employment, from January 2, 2008, to February 1, 2016, did not expose him to sufficient quantities of hazardous dust to prosecute a claim against Kingston Mining.

By Order dated June 30, 2020, the Board of Review affirmed the November 27, 2019, Decision of the Office of Judges. The Board of Review referenced this Court's decision in *Pennington v. West Virginia Office of the Insurance Commissioner*, 241 W. Va. 180, 820 S.E.2d 626 (2018), which requires a claimant to have a diagnosis of impairment due to occupational pneumoconiosis made known to the claimant by a physician[1], and made the following modification: "The final order of the Workers' Compensation Office of Judges dated November 27, 2019, is MODIFIED to reflect that the claim is rejected based upon the Supreme Court's ruling in *Pennington*, supra." Although the Board of Review agreed with the conclusion of the Office of Judges that during Mr. Eagle's most recent employment, from January 2, 2008, to February 1, 2016, he did not have sufficient exposure to abnormal quantities of hazardous dust to prosecute a claim against Kingston Mining, the Board was of the opinion that there is no evidence establishing that a diagnosed impairment due to occupational pneumoconiosis has been made known to Mr. Eagle. The Board of Review noted that Mr. Eagle may have had sufficient exposure to hazardous dust during his employment prior to being a dispatcher. Therefore, the Board of Review held that Mr. Eagle is "free to file a claim within three years of receiving a diagnosed impairment due to occupational pneumoconiosis."

---

[1] This Court affirmed the decisions of the Board of Review in four consolidated workers' compensation cases, holding that the claimants' applications for occupational pneumoconiosis benefits were properly rejected pursuant to W. Va. Code 23-4-15(b), which provides that a claimant may either file an occupational pneumoconiosis claim within three years of the claimant's date of last exposure to the hazards of occupational pneumoconiosis or within three years of the date a diagnosed impairment due to occupational pneumoconiosis was made known to the claimant by a physician. The Court determined that none of the claimants filed an application within three years of their date of last exposure.

After review, we agree with the Board of Review's Order. According to the claims administrator's Order dated February 11, 2019, the application for occupational pneumoconiosis benefits was received on December 6, 2018, or more than ten years after Mr. Eagle's date of last exposure to the hazards of occupational pneumoconiosis. Since the claim was not filed within the first limitation set forth in West Virginia Code 23-4-15(b), the claim must be filed within three years from and after a diagnosed impairment due to occupational pneumoconiosis was made known to him by a physician.[2] There is no evidence establishing that a diagnosed impairment due to occupational pneumoconiosis has been made known to Mr. Eagle by a physician. Thus, the Board of Review's Order affirming, with a modification, the Decision of the Office of Judges dated November 27, 2019, is affirmed.

Affirmed.

**ISSUED: January 11, 2022**

**CONCURRED IN BY:**
Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton

---

[2] In order to file an occupational pneumoconiosis claim, W. Va. Code § 23-4-1 requires that an employee be exposed to the hazards of occupational pneumoconiosis in the State of West Virginia over a continuous period of not less than two years during the ten years immediately preceding the date of last exposure to such hazards, or for any five of the fifteen years immediately preceding the date of such last exposure. Further, the application, under W. Va. Code § 23-4-15(b), must be filed within three years after the latest of the following events: (a) the day of the last continuous period of sixty days during which the employee was exposed to the hazards of occupational pneumoconiosis; or (b) the day that a physician told the employee of his or her occupational pneumoconiosis; or (c) the date that the claimant should have reasonably known that he or she had occupational pneumoconiosis caused by occupational exposure. The law states that if the claim is not timely filed, the claimant cannot receive workers' compensation benefits.