**FILED**
**February 1, 2022**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**DANA E. MOORE,**
**Claimant Below, Petitioner**

**vs.)    No. 20-0672** (BOR Appeal No. 2055192)
(Claim No. 2017026735)

**ARCH COAL, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Dana E. Moore, by Counsel Lori J. Withrow, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Arch Coal, Inc., by Counsel Daniel G. Murdock, filed a timely response.

The issues on appeal are additional compensable conditions and permanent partial disability. The claims administrator granted a 5% permanent partial disability award for the cervical spine on August 7, 2018. On November 12, 2018, the claims administrator denied the addition of chronic neck and back pain and neck pain with neurological deficit to the claim. The Workers' Compensation Office of Judges ("Office of Judges") reversed the decisions in its January 29, 2020, Order, granted a 13% permanent partial disability award, and added thoracic strain to the claim. The Order was reversed by the Board of Review on August 4, 2020, and the claims administrator's August 7, 2018, and November 12, 2018, decisions were reinstated.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

1

(b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions.

. . . .

(d) If the decision of the board effectively represents a reversal of a prior ruling of either the commission or the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the board's findings, reasoning and conclusions, there is insufficient support to sustain the decision. The court may not conduct a de novo re-weighing of the evidentiary record.

*See Hammons v. W. Va. Off. of Ins. Comm'r*, 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Moore, a coal mine airway examiner, injured his neck at work on May 10, 2017. While fleeing a falling rock, Mr. Moore struck his head on a crib block. Mr. Moore finished his shift that day and was then transported to Broaddus General Hospital via ambulance. CT scans of the head, thoracic spine, and cervical spine showed no acute injuries. Mr. Moore was diagnosed with neck strain, thoracic strain, and a head injury. The Employees' and Physicians' Report of Injury was completed that day and indicates Mr. Moore sustained a cervical strain, thoracic strain, and a head injury. The claim was held compensable for head contusion and neck strain on May 12, 2017.

Mr. Moore sought treatment for the compensable injury from Marilyn Bonfili, M.D., on May 16, 2017. He reported neck pain, stiffness, spasms, and tenderness that radiated into the left shoulder. Mr. Moore was to undergo physical therapy. A cervical MRI was performed on July 27, 2017, and showed mild disc bulging at C6-7 with no herniation or stenosis. Mr. Moore returned to Dr. Bonfili on September 1, 2017, and stated that physical therapy was not helping. He reported, however, that he had not been in three weeks. Dr. Bonfili recommended physical therapy and increased medication. On November 16, 2017, Dr. Bonfili stated that Mr. Moore reported no change in his existing symptoms, and he had developed pain in his right shoulder.

P. Kent Thrush, M.D., performed an Independent Medical Evaluation on April 4, 2018, in which Mr. Moore reported severe stiffness and chronic aching in his neck. Mr. Moore stated that he worked light duty until he retired in June of 2017. Dr. Thrush reviewed Mr. Moore's MRIs and

found that a 2007 scan showed a subtle bulge at C6-7.[1] The post-injury MRI showed a bulge at C6-7 that was only slightly larger. Dr. Thrush concluded that Mr. Moore had reached maximum medical improvement and required no additional treatment. He stated that Mr. Moore's range of motion measurements were invalid due to guarding. Using Table 75 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed 1993), Dr. Thrush found 4% impairment for the cervical sprain. He placed Mr. Moore in Cervical Category II from West Virginia Code of State Rules § 85-20-E and adjusted the rating to 5%. Dr. Thrush found that Mr. Moore fully recovered from the head contusion and sustained 0% impairment.

On June 13, 2018, Bruce Guberman, M.D., performed an Independent Medical Evaluation in which he diagnosed resolved head contusion, chronic posttraumatic cervical strain, and chronic posttraumatic thoracic strain. Mr. Moore had reached maximum medical improvement. For the head injury, Dr. Guberman found 0% impairment. Dr. Guberman found 4% cervical impairment using Table 75 of the AMA *Guides* and 7% impairment for range of motion deficits. He then placed Mr. Moore in Cervical Category II from West Virginia Code of State Rules § 85-20-E and adjusted the rating to 8%. For the thoracic spine, Dr. Guberman found 2% impairment using Table 75 of the AMA *Guides* and 3% impairment for range of motion deficits. The impairments combined for 5% thoracic spine impairment. Combining the 8% cervical impairment with the 5% thoracic impairment, Dr. Guberman's total rating was 13%.

The claims administrator granted a 5% permanent partial disability award for the cervical spine on August 7, 2018. On October 2, 2018, Dr. Bonfili completed a Diagnosis Update in which she stated that Mr. Moore had chronic neck and back pain with the secondary diagnosis of neck pain with neurological deficit post-injury. It was noted that Mr. Moore's symptoms were not present prior to the compensable injury and that the symptoms were worsening. The claims administrator denied the addition of chronic neck and back pain and neck pain with neurological deficit to the claim on November 12, 2018.

Mr. Moore testified in a February 13, 2019, deposition that he sustained a prior work injury in 2008. He had no lingering symptoms from the injury and returned to work within a week. At the time of the compensable injury at issue, Mr. Moore was having no neck or mid back symptoms. Mr. Moore stated that he finished his shift the day of his injury, but he was in pain, so an ambulance was called. Mr. Moore testified that he was unable to return to work following his accident. On May 7, 2019, Mr. Moore returned to Dr. Bonfili and reported no changes in his pain level. He also stated that he had ongoing numbness and tingling in his upper back and bilateral shoulders.

Prasadarao Mukkamala, M.D., performed an Independent Medical Evaluation on July 8, 2019, in which he diagnosed resolved head injury and cervical sprain. Mr. Moore had reached maximum medical improvement. Dr. Mukkamala found 0% impairment for the head injury. For the cervical spine, Dr. Mukkamala found 9% impairment due to range of motion deficits. Under Table 75 of the AMA Guides, he assessed 4% impairment. His combined impairment rating was 13%. Dr. Mukkamala then placed Mr. Moore in Cervical Category II from West Virginia Code of

---

[1]The radiologist's interpretation of the December 3, 2007, MRI was that it showed no abnormalities, disc bulges, herniations, or spinal canal narrowing.

State Rules § 85-20-E and adjusted the rating to 8%. Dr. Mukkamala opined that the impairment was due to both a preexisting degenerative condition and the compensable injury. Dr. Mukkamala noted that Mr. Moore had received a 5% permanent partial disability award and opined that he was fully compensated for the compensable injury. Regarding the thoracic spine, Dr. Guberman found no thoracic spine impairment. He opined that Dr. Guberman's findings of 8% cervical spine impairment should have been apportioned and that Dr. Guberman was unaware of Mr. Moore's prior injury and cervical symptoms. Dr. Mukkamala opined that Mr. Moore did not injure his thoracic spine in the compensable injury.

In its January 29, 2020, Order, the Office of Judges reversed the claims administrator's decisions granting a 5% PPD award for the cervical spine and denying the addition of chronic neck and back pain and neck pain with neurological deficit to the claim. The Office of Judges instead granted a 13% award and added thoracic strain to the claim. It found that when Mr. Moore was initially treated, he reported neck and thoracic spine symptoms and was diagnosed with cervical and thoracic strains. Additionally, a thoracic CT scan was performed. The Office of Judges found that thoracic strain was also listed as a condition on the physician's section of the Employees' and Physicians' Report of Injury. Mr. Moore was treated for the compensable injury by Dr. Bonfili, who noted neck pain that radiated into the trapezius, left shoulder, and scapula. She requested the addition of chronic neck and back pain and neck pain with neurological deficit to the claim. The Office of Judges concluded that the back pain referred to is the thoracic spine. Though Dr. Mukkamala opined that the pain was in the left scapular area, the Office of Judges determined that a preponderance of the evidence indicates Mr. Moore sustained a thoracic strain as a result of the compensable injury.

Regarding permanent partial disability, the Office of Judges found that the award was based on the report of Dr. Thrush. Dr. Thrush opined that the 2007 MRI showed a subtle bulge at C6-7. The Office of Judges found that the report does not document such a finding. His report was determined to be at odds with the diagnostic evidence and therefore unreliable. The Office of Judges also found that Dr. Mukkamala's evaluation was unreliable. Dr. Mukkamala assessed 8% cervical impairment but then apportioned half for a longstanding preexisting degenerative condition. The Office of Judges concluded that the apportionment was not supported by the evidence of record. The 2007 MRI showed no cervical disc bulges, herniations, or spinal canal or foraminal narrowing. The CT scan performed the day of the injury showed moderate degenerative changes, but the Office of Judges found no evidence that Mr. Moore had any cervical spine symptoms prior to the compensable injury. It therefore concluded that Dr. Mukkamala's apportionment was unsupported. The Office of Judges determined that Dr. Guberman's report is the most reliable of record. He assessed 8% cervical impairment and 5% thoracic spine impairment. Mr. Moore was already granted a 5% permanent partial disability award; therefore, the Office of Judges awarded an additional 3% cervical award and a 5% award for the thoracic spine.

The Board of Review reversed the Office of Judges' Order in its August 4, 2020, decision. It found that thoracic sprain is not a compensable condition in the claim. Dr. Bonfili requested the addition of chronic neck pain longer than three months and neck pain with neurological deficit after injury to the claim. She did not request the addition of thoracic strain to the claim. Further,

the Board of Review found that her treatment notes do not show that Mr. Moore was treated for a thoracic sprain. It therefore concluded that thoracic sprain should not have been added to the claim.

Regarding permanent partial disability, the Board of Review found that the Office of Judges' Order was based on the report of Dr. Guberman. Dr. Guberman found 8% cervical and 5% thoracic spine impairment. The Board of Review determined that his report could not be used because his rating includes impairment for the noncompensable thoracic sprain. The Board of Review therefore reinstated the claims administrator's grant of a 5% permanent partial disability award for the cervical spine.

After review, we agree with the conclusions of the Board of Review. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). A preponderance of the evidence fails to support thoracic strain as a compensable condition in the claim. Though Mr. Moore initially underwent a thoracic spine CT scan and was diagnosed with thoracic strain at the emergency room on the day of his injury, the condition was not held compensable, and Mr. Moore did not protest that Order. Further, Dr. Bonfili's treatment notes do not indicate a diagnosis of or treatment for a thoracic strain. Also, her Diagnosis Update requested the addition of chronic neck and back pain longer than three months and neck pain with neurological deficit after injury to the claim. A thoracic spine condition was not included. Because thoracic strain is not a compensable condition in the claim, the Board of Review was correct to find that such condition could not be included in a permanent partial disability award. The claims administrator's grant of a 5% award was therefore correctly reinstated.

Affirmed.

**ISSUED: February 1, 2022**

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton